551 F.2d 122
 14 Fair Empl.Prac.Cas. 895,
13 Empl. Prac. Dec. P 11,589
Bonnie Z. WEAVER, Individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
JOSEPH SCHLITZ BREWING COMPANY, Defendant-Appellee.
Corine POPE, Plaintiff-Appellant,
v.
JOSEPH SCHLITZ BREWING COMPANY, Defendant-Appellee.
Leon SHEPARD, Plaintiff-Appellant,
v.
JOSEPH SCHLITZ BREWING COMPANY, Defendant-Appellee.
 Nos. 76-1280, 76-1287 and 76-1288.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 15, 1977.
Decided March 17, 1977.
 
 David E. Caywood, Picard & Caywood, Callis L. Childs, Memphis, Tenn., for plaintiff-appellant in No. 76-1280.
 Joe B. Jones, Jones, Scarmoutsos & Jones, Memphis, Tenn., for plaintiff-appellant in Nos. 76-1287, 76-1288.
 John D. Schmelzer, E. E. O. C., Washington, D. C., for amicus curiae EEOC.
 Frederick J. Lewis, McKnight, Hudson, Lewis & Henderson, Steven Hymowitz, Memphis, Tenn., for defendant-appellee.
 Before EDWARDS and LIVELY, Circuit Judges, and TAYLOR,* District Judge.
 PER CURIAM.
 
 
 1
 These consolidated appeals present the question of whether actions seeking relief from alleged discriminatory employment practices under Title VII of the Civil Rights Act of 1964 were properly dismissed as not being filed within 90 days after the giving of notice by the Equal Employment Opportunity Commission that a civil action might be brought as provided in 42 U.S.C. § 2000e-5(f)(1). The EEOC office to which plaintiffs had complained used a "two-letter" notification.
 
 
 2
 The first letter addressed to each of the plaintiffs contained the following language:
 
 
 3
 Respondent officials have refused to consider the remedy that you desire.
 
 
 4
 Accordingly, we can no longer proceed to effectively resolve the issues contained in your case. You may now proceed to file suit in the appropriate U.S. District Court in order to get the relief that you desire.
 
 
 5
 If you wish to proceed in U.S. District Court, please sign and date this letter which requests your Notice of Right-to-Sue, and return it to this office in the enclosed, self-addressed envelope.
 
 
 6
 Each of the plaintiffs acted promptly and returned the letter requesting the issuance of a notice of right to sue. Each plaintiff filed an action in the district court within 90 days after issuance of the Right-to-Sue Notice, but more than 90 days after receiving the first letter.
 
 
 7
 The district court held that the 90-day period in which suit might be brought began to run with the issuance of the first letter and that the requirement that an action be filed within 90 days is jurisdictional. Accordingly, the action of each plaintiff was dismissed.
 
 
 8
 At oral argument of this appeal, counsel for EEOC, amicus curiae in this court, advised the court that the "two-letter" procedure has now been dropped and that EEOC now issues a single Right-to-Sue Notice when the conditions prescribed in 42 U.S.C. § 2000e-5(f)(1) have been met. It is undisputed that the appellants were diligent to protect and exercise their rights upon receipt of the Right-to-Sue Notice. As we read the first letter it gave to appellants notice, at most, that efforts at conciliation had failed and that each was required to request a Notice of Right-to-Sue in the event that person desired to proceed further in district court.
 
 
 9
 Two circuits have recently dealt with similar problems arising out of the "two-letter" practice of EEOC. Tuft v. McDonnell Douglas Corp., 517 F.2d 1301 (8th Cir. 1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976); Garner v. E. I. DuPont De Nemours & Co., 538 F.2d 611 (4th Cir. 1976). While the language used in the "first letter" in each of these cases was somewhat different from that employed in the cases now on appeal, we are persuaded by the reasoning in the two cited opinions. Applicable to the present cases is the language of the Eighth Circuit in Tuft, supra, at 1310:Since the first letter did not give Ms. Tuft any effective notification that she could sue within 90 days of the receipt of that letter, it cannot serve to initiate the running of the statute of limitations.
 
 
 10
 The judgments of the district court are reversed and the cases are remanded for further proceedings.
 
 
 
 *
 The Honorable Robert L. Taylor, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation