Thomas MILLS, Plaintiff,

v.

NATIONAL DISTILLERS PRODUCTS CO., Defendant.

Thomas MILLS, Plaintiff,

v.

DISTILLERY WORKERS UNION LOCAL 32 et al., Defendants.

Nos. C-1-74-302 and C-1-75-194.

United States District Court, S. D. Ohio, W. D.

June 2, 1977.

Mark Alan Greenberger, Cincinnati, Ohio, for plaintiff.

Frank H. Stewart, Cincinnati, Ohio, for National Distillers.

Bernard C. Fox, Cincinnati, Ohio, for Union.

## MEMORANDUM: MOTION FOR SUMMARY JUDGMENT

HOGAN, Chief Judge.

This is a consolidated action brought by the plaintiff against his former employer, National Distillers Products Co. ("National"), the Distillery Workers Union Local 32 ("Local 32"), and named individual officers and agents of the defendant Local 32. The plaintiff charges his civil rights were violated when he was removed as a Union steward, unfairly represented by Local 32 in grievance proceedings and ultimately discharged from employment with National. Jurisdiction is premised upon 42 U.S.C. §§ 1984 and 2000e–5 and 29 U.S.C. § 151. The defendant Local 32 and the individually named Union officials (collectively "Union defendants") have moved for summary judgment.

*I. Title VII Jurisdictional Prerequisites*

The Union defendants first contend that the plaintiff failed to file a timely complaint with the EEOC or the Ohio Civil Rights Commission (OCRC) in violation of the requirements of 42 U.S.C. § 2000e–5(e).

The facts relevant to the defendants' arguments are not in dispute:

1. The plaintiff was removed as a steward for the defendant Local 32 on April 2, 1972. Mills filed a charge against the defendant Local 32 on December 22, 1972 with regards to his removal as a steward. That charge was originally filed with the EEOC, which referred it to the Ohio Civil Rights Commission. On June 4, 1973 the OCRC denied the charge as untimely.

2. The plaintiff was discharged from his employment with National on November 26, 1973. While the defendant alleges unfair representation on the part of the Union in connection with this discharge, there is no allegation that a complaint was ever filed with the OCRC or the EEOC in reference to this discharge.

The Title VII aspects of this action are limited to those raised in the Title VII complaint, in this case the plaintiff's removal as shop steward on April 2, 1972.

Ohio Revised Code § 4112.05(B) requires that charges of employment discrimination be filed with the OCRC within six months of the alleged discrimination. 42 U.S.C. § 2000e–5(e) requires that charges of employment discrimination be brought before the EEOC within 180 days of the alleged violation unless a charge has first been filed with a state agency enforcing substantially the same type of Title VII statutes. In the latter case the deadline for filing before the EEOC is extended to 300 days from the date of the alleged discriminatory event.

Under the facts of this case, the plaintiff waited over eight and one-half months (260 days) to file with the EEOC. Assuming that filing the EEOC and its referral to the OCRC constitutes filing with a state agency, *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the issue presented is whether an untimely filing with a state agency will trigger the extension of the EEOC filing deadline from 180 days to 300 days. The judicial precedent appears too clear for extended discussion; and this Court concludes that the question must be answered in the negative.

The statute provides that the three hundred day provision is effective if the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice, 42 U.S.C. § 2000e–5(e). An agency such as the OCRC has no authority to act, however, when an untimely charge has been filed. Judicial interpretations of that section have uniformly stopped well short of the plaintiff's position that an out-of-time filing with the EEOC referred to a state agency with which the claim is also out of time triggers the EEOC 300-day extended filing period.

The EEOC has previously taken the position as *amicus curiae* that *as long as charges are timely filed* under the state agency's own regulations, the 300-day filing period with EEOC applies, *Doski v. Goldseker Co.*, 539 F.2d 1326, 1329 (4th Cir. 1976). In *Doski*, the Maryland Code had no filing deadline at the time the plaintiff filed his complaint. In *Ashworth v. Eastern Air Lines, Inc.*, 389 F.Supp. 597 (E.D.Va.1975), the District of Columbia's one-year limitation on the filing of charges triggered the 300-day EEOC filing deadline when the plaintiff filed more than 180 but less than 300 days after the date of the alleged violation. The Eighth Circuit has ruled that a charge not filed with the Missouri Commission on Human Rights within the required 90-day period nor with the EEOC within the 180-day period was not timely, *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975). In all of these cases the plaintiff had filed a timely charge with the state.

The only precedent of any usefulness to the plaintiff is *Ortega v. Construction and General Laborers' Union Local No. 390*, 396 F.Supp. 976 (D.Conn.1975), in which the Court held that where the state

agency treated a complaint which was not timely under the state statute as if it were timely and proceeded to the merits, the 300-day provision of § 2000e–5(e) was applicable, *Id.* at 982. That is not the factual circumstance of this case. If it were, this Court would be constrained by the admonition of the Sixth Circuit in *Guy v. Robbins and Myers, Inc.*, 525 F.2d 124 (1975), *rev'd* on other grounds *sub nom.*, *I.U.E.R.M.W. Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). In that case the Court of Appeals held that the filing requirements of § 2000e–5(e) are jurisdictional, *i. e.*, that the failure to observe the filing deadline extinguishes the right of action itself, 525 F.2d at 127. That rule applies with equal force to the EEOC 180-day deadline and the 300-day filing period. The OCRC rejected the claim as untimely, and the out-of-time EEOC complaint may not be revived by the filing of an untimely claim with the state under those circumstances.

■ The plaintiff has argued that equitable consideration should obtain to waive the absolute deadlines. On both the law and the facts the plaintiff's arguments fail. If the Circuit's position is correct that § 2000e–5(e) deadlines are jurisdictional, then equitable considerations cannot be invoked, *see Goger v. H. K. Porter Co., Inc.*, 492 F.2d 13, 17 (3rd Cir. 1974) (Garth, J., concurring). Secondly, could it urge equitable considerations, the EEOC decisions cited by the plaintiff (Exhibits D. E. F. to plaintiff's Memo *Contra*, Docket No. 28) as misleading to a complaining party at the time the plaintiff filed his complaint, do not support the premise that out-of-time filings with a state agency will invoke the 300-day filing provision of § 2000e–5(e). Finally, there is no evidence before the Court demonstrating that the plaintiff, in fact, relied upon any improper or misleading decisions by the EEOC. That situation is distinguishable from the miasma of the infamous and now-abandoned EEOC "two-letter" procedure discussed in *Hyland v. Kenner Products*, 13 FEP Cases 1309, 1318 (S.D. Ohio 1976) and resolved in *Weaver v. Joseph Schlitz Brewing Co.*, 551 F.2d 122 (6th Cir. 1977).

■ The plaintiff's Title VII complaint was therefore untimely, and the plaintiff has failed to satisfy the administrative prerequisites to the Title VII claims advanced in this action.

## II. Claims Under 42 U.S.C. § 1981

The plaintiff's second claim for relief under 42 U.S.C. § 1981 is challenged by the Union defendants on the ground that the plaintiff has alleged sex and not race discrimination in his complaint, and that the plaintiff has admitted at deposition that race discrimination is not an element of this action. The plaintiff's Memo *Contra* does not address the § 1981 portion of the Union defendants' motion for summary judgment.

■ The plaintiff has failed to allege facts showing racial discrimination. While the plaintiff's Memo *Contra* alleges that the plaintiff, a white, ran for Union office on a slate with predominantly black candidates and that he was replaced as a Union steward by a black Union member, none of those facts, if proven, would even approximate racial discrimination. Since § 1981 will not be useful to a plaintiff attempting to state a claim for sex discrimination, *Clark v. Morgan's Austintown Foods*, 405 F.Supp. 1008 (N.D.Ohio 1976), the plaintiff's § 1981 claim must be dismissed.

## III. Unfair Representation Claims

■ The plaintiff has generally alleged facts in his complaint charging unfair representation of his grievance, including that filed for his ultimate dismissal, by the Local Union defendants. The Union defendants seek to dismiss on the grounds that the complaint is conclusory and fails to set forth particular facts which would constitute unfair representation. The defendant cites extensively from the plaintiff's deposition, in which the plaintiff is unable to articulate any specific instance of unfair representation with reference to a number of his grievances. Without reviewing each grievance, it appears to this Court that

factual issues have arisen in connection with the handling of the plaintiff's dismissal grievance which preclude summary judgment. In particular, the (non)occurrence of the December 7, 1973 meeting of Union and company officials regarding the plaintiff's grievance appears to be at issue. A finding that such a meeting did not occur or that the records of such a meeting were doctored by the Union would support the plaintiff's claims. The Court expresses no opinion at this time as to the weight of the evidence, but must deny the defendants' motion as to the claims advanced under 29 U.S.C. § 151.

\*    \*    \*

The motion for summary judgment by the defendant Local Union and defendant Union officials is granted with respect to claims advanced under 42 U.S.C. §§ 1984 and 2000e–5(e), but is denied as to claims advanced under 29 U.S.C. § 151.