**Nancy H. LOWELL, Plaintiff,**

v.

**GLIDDEN–DURKEE, DIVISION OF SCM CORPORATION, a New York corporation, Defendant.**

No. 80 C 3270.

United States District Court,
N. D. Illinois, E. D.

March 16, 1981.
On Motion to Reconsider April 13, 1981.

Marvin Rosenblum, Chicago, Ill., for plaintiff.

William M. Stevens, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

### GETZENDANNER, District Judge.

This is a sex discrimination case, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff Nancy H. Lowell was employed by defendant Glidden-Durkee from 1971 through early 1977 as a personnel clerk. According to the allegations of Lowell's complaint, de-

fendant harassed and intimidated her solely because of her cooperation with the United States Energy Research and Development Administration ("ERDA") in its investigation of sex discrimination by defendant.

The amended complaint alleges that as a result of defendant's conduct, Lowell tendered her resignation on February 18, 1977. She claims this was a constructive discharge. See ¶ 11 of Count I. Plaintiff also claims in Count II the same conduct constituted continuous discrimination.

Glidden-Durkee has moved to dismiss the amended complaint under Rule 12(b)(1), F.R.Civ.P., for lack of subject matter jurisdiction. Defendant argues that plaintiff failed to file charges with the EEOC within the applicable time limits and that she failed to exhaust her state remedies. Both parties have submitted memoranda and affidavits in support of their positions.

The undisputed facts, as revealed by the pleadings and the affidavits, are as follows. On Friday, February 18, 1977, Lowell orally advised her supervisor that she was resigning effective March 11, 1977. Plaintiff contends that her resignation was effective as of March 11, 1977. However, on Tuesday, February 22, 1977, Lowell's supervisor instructed her not to return to work on Monday, February 28, 1977, and Friday, February 25, was the last day on which Lowell actually worked. Lowell was given two weeks termination pay and her insurance coverage was carried through March, 1977.

On September 1, 1977, plaintiff's husband personally delivered plaintiff's formal charge to the Chicago Regional EEOC office.[1] The EEOC referred this charge to the Illinois Fair Employment Practices Commission ("FEPC") on September 13, 1977. On September 20, 1977, the FEPC declined jurisdiction. The charge was then filed with the EEOC on September 24, 1977.

The statutory scheme of Title VII confers jurisdiction on the federal courts only if a

---

1. Plaintiff alleges that she filed a charge with EEOC on August 23, 1977. However, the copy of the charge attached as an exhibit to plaintiff's Complaint shows that she merely signed the charge on that date. The charge was not delivered to the EEOC office until September 1, 1977.

charge is filed with the EEOC within certain limitation periods. Section 2000e–5(e) provides "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred...." That section also provides for an extended filing period in certain cases:

"... in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief ... such charge shall be filed ... within three hundred days after the alleged unlawful employment practice occurred..."

[1] In "deferral" states having a state agency competent to grant relief for employment discrimination, the statute requires that:

"No charge may be filed under ... this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under state or local law, unless such proceedings have been earlier terminated...." 42 U.S.C. § 2000e–5(c).

Compliance with these limitations is jurisdictional. *Moore v. Sunbeam Corp.*, 459 F.2d 811, 821 n.26 (7th Cir. 1972).

Illinois at the time had a 180-day limitation period for complaints filed with the FEPC. Ill.Rev.Stat., ch. 48, § 858 (repealed July 1, 1980).

Defendant argues that any alleged unfair employment practice occurred on or before February 18, 1977, when the "constructive discharge," plaintiff's oral notice of resignation, occurred. If defendant's argument is correct, then the statute of limitations for both the state and federal cause of action ran out on August 17, 1977, before the plaintiff filed with the EEOC or the FEPC. Defendant further argues that the extended 300-day limitations period is not available to plaintiff.

Plaintiff counters by arguing that the limitations period began to run on March 11, 1977, the date she claims as her "effective" resignation date. Plaintiff further contends that the delivery of the formal charge to the EEOC on September 1, 1977, constituted a timely "initiation" of her state remedy and that as a result the extended period does apply. Alternatively, plaintiff argues that even if she failed to initiate state proceedings within the limitation period, the extended period applies because Illinois is a deferral state.

The relevant issues are (1) whether plaintiff filed within the federal 180-day limitation period; (2) whether plaintiff initiated state procedures within the limitation period; and (3) whether the 300-day extended period applies to all charges filed in Illinois, even if not timely under the state procedure. Determination of the first two issues depends on establishing when the limitation period began to run and when it was tolled.

*The Commencement of the Filing Period*

For purposes of the motion to dismiss, the Court accepts Lowell's argument that she voluntarily resigned her position at Glidden-Durkee and that this resignation was effective on March 11, 1977. Under the statute, however, the "effective" date of her resignation is not the crucial date. The statute provides that the limitation period begins on the date "the alleged unlawful employment practice occurred." Thus, the inquiry must focus on the last possible date on which an unlawful employment practice could have occurred. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Krzyzewski v. Metropolitan Government of Nashville*, 584 F.2d 802 (6th Cir. 1978).

In Count I of her complaint, plaintiff alleges a "constructive discharge." She alleges that defendant's discriminatory treatment forced her to resign. The acts complained of necessarily occurred before February 18, 1977, the date on which she gave notice of resignation.

In Count II, plaintiff alleges continuing discrimination by defendant. However, again, any discriminatory conduct by defendant caused her no further injury after February 18, 1977. Even looking at the facts most favorably to plaintiff, no discriminatory conduct can have occurred be-

yond February 25, 1977, the last day on which she was physically present at work.

Plaintiff argues that she was paid through March 11, 1977, that her insurance coverage extended through March, and that March 11 was used as her termination date for reference purposes. She contends this establishes that the filing period began on March 11, 1977.

In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), however, the Supreme Court stated:
"Determining the timeliness of [plaintiff's] EEOC complaint . . . requires us to identify precisely the 'unlawful employment practice' of which he complains. . . . Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." 101 S.Ct. at 503–04.

In that case, the plaintiff had been informed on June 26, 1974, that he would not be offered tenure. Plaintiff then accepted a one-year "grace" contract that expired on June 30, 1975. The Court determined that the challenged conduct was the refusal of tenure and from this concluded that the filing period began on June 26, 1974.

■ Applying this analysis to the present case, the employment practices of which Lowell complains all occurred prior to February 18, 1977. That date marks the commencement of the limitation period.

This conclusion is reinforced by *Krzyzewski v. Metropolitan Government of Nashville*, 584 F.2d 802 (6th Cir. 1978). In that case, plaintiff was terminated on August 15th, which was her last day of work, but she was paid for accrued time through August 29th. The Sixth Circuit held that the limitation period began on August 15th. The court reasoned that a rule penalizing a company for giving an employee severance pay or other benefits such as extended insurance coverage should be viewed with disfavor.

"We think the better rule is one which seeks to determine when the alleged unlawful employment practice actually occurred rather than accepting the administrative data shown on an employee's personal or payroll records." 584 F.2d at 805.

This Court agrees with the reasoning of the Sixth Circuit, and finds that the alleged unfair employment practices occurred on or before February 18, 1977.

Because the limitation period began to run on February 18, 1977, plaintiff's formal charge was not filed with the EEOC within the 180-day federal period. The date of filing with the EEOC was September 24, 1977, 218 days after the time began to run. (See Affidavit of Delores Mabane, ¶ 3.) [2] The filing of the charge was thus untimely unless the extended 300-day filing period is applicable.

*Timeliness of Initiation of State Proceedings*

Plaintiff contends that the extended filing period is applicable in this case because state proceedings were begun within the state limitation period. The undisputed facts and the relevant law do not support this contention.

Lowell's husband delivered a formal charge to the EEOC office on September 1, 1977, without having previously filed a complaint with the FEPC. This submission to the EEOC initiated state proceedings. *See Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The initiation of state proceedings, however, was not timely.

■ The state filing period, like the federal begins on the date that the unfair employment practice was allegedly committed. Ill.Rev.Stat., ch. 48, § 858(a). In the case of a continuing violation, the period begins on the date of the last injury. *See Montgomery Ward & Co. v. Fair Employ-*

**2.** Plaintiff's argument that September 1, 1977, tolled the federal filing period is unavailing. Filing with the EEOC cannot occur in deferral states such as Illinois until 60 days after the commencement of state proceedings or until the state agency has ruled. In any case, even if the September 1st date were the filing date, plaintiff still would not have filed within 180 days.

*ment Practices Commission,* 49 Ill.App.3d 796, 8 Ill.Dec. 297, 365 N.E.2d 535 (1st Dist. 1977). As previously discussed, the Court finds that the last injury to Lowell occurred on February 18, 1977. This was 218 days before any state proceedings were initiated, and thus untimely. As a result, the issue becomes whether failure to initiate state proceedings in a timely fashion precludes application of the extended filing period.

### Applicability of the Extended Filing Period

Plaintiff argues that the extended filing period in deferral states such as Illinois applies regardless of whether the claimant has filed a *timely* charge with the state agency. She maintains that the only prerequisite is that the claimant file with the state. Defendant, in contrast, argues that the 300-day filing period is not available to plaintiff because she did not file with the FEPC within the 180 days, as required by state law.

In support of her position, plaintiff relies on *Moore v. Sunbeam Corp.,* 459 F.2d 811 (7th Cir. 1972) and *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).[3] In *Moore,* the plaintiff alleged specific acts of racial discrimination (a refusal to promote) and claims of continuing harassment. The last act of discrimination was alleged to have occurred on August 7, 1967.

The Seventh Circuit held that the plaintiff had initiated state proceedings by submitting a charge to the EEOC on October 19, 1967, even though he had not previously filed a complaint with the FEPC. The submission to the EEOC, unlike the submission in the present case, was within the state limitation period. As a result, this Court is presented with an issue that was not present—and thus not decided—in *Moore:* Whether failure to initiate state proceedings in a timely fashion precludes application of the extended filing period.

This precise question also was not addressed in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). At issue in *Mohasco* was whether submission to the EEOC prior to initiating state proceedings constituted "filing" with the EEOC, and the Court held that it did not.

Plaintiff relies on language in a footnote that states:

"Under the *Moore* decision, which we adopt today, a complainant in a deferral state . . . need only file his charge within 240 days of the alleged discriminatory practice in order to insure that his federal rights will be preserved." 100 S.Ct. at 2491 n. 16.

Plaintiff argues that, even assuming that the unfair employment practice occurred on February 18th and that her charge was not filed with the EEOC until September 24th (a period of 218 days), the cited language from *Mohasco* permits filing in a deferral state in all cases within 240 days.

This argument fails for three reasons. First, as with *Moore,* Lowell's case differs from Mohasco in one crucial respect. In *Mohasco,* the plaintiff had initiated state proceedings *within* the state limitation period, which was one year. The Court did not decide whether failure to file within the state period could preclude application of the extended federal filing period.

Furthermore, in the footnote cited, the Court was rejecting a line of cases that held that a claimant must file with the state agency within 180 days *in every case* in

---

**3.** Plaintiff also cites *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). That case, however, is factually and legally distinguishable. The case concerns the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633(b), which has language similar to Title VII. The state limitation period at issue in *Oscar Mayer* was shorter than the federal non-extended filing period. Thus claimants in that deferral state in effect had less time to file than claimants in non-deferral states. More importantly, however, the ADEA cases following *Oscar Mayer* have not agreed on whether it holds that claimants in deferral states have 300 days to file in all cases. *Cf. Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir. 1979) (300 days in all cases) *with Ewald v. Great Atlantic & Pacific Tea Co.,* 620 F.2d 1183 (6th Cir. 1980); *and Ciccone v. Textron, Inc.,* 616 F.2d 1216 (1st Cir. 1980) (appeal pending) (300 days not available where claimant fails to file with state within 180 days).

order to claim the extended filing period. The Court stated that this rule was too restrictive because it did not take into account deferral states that had a filing period *longer* than 180 days. In such cases, a claimant could file with the state more than 180 days after the injury complained of and still be within the state limitation period. As long as the claimant filed with the EEOC before 300 days had passed, the charge would be timely. But the footnote did not address the present case, where the state limitation period was equal to the federal, and plaintiff failed to file a timely charge with the state.

Secondly, Lowell's argument flaunts the congressional purpose behind the extended federal filing period. In *Mohasco*, the Supreme Court stated that:

"... neither [the extended filing period] nor anything else in the legislative history contains any 'suggestions that complainants in some states were to be allowed to proceed, with less diligence than those in other states' ... The history identifies only one reason for treating workers in deferral states differently from workers in other states: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." 100 S.Ct. at 2494. (citations omitted)

In effect, Lowell argues that she should be allowed to ignore her state rights and still preserve her federal rights. She contends that the extended federal filing period applies whenever a plaintiff has first filed with the state agency—even when that state filing is a legal nullity because the state limitation period has expired.

The Court rejects this position. The argument that a claimant becomes entitled to the extended filing period, which is designed to allow plaintiffs to exhaust their state remedies without jeopardizing their federal rights, merely because she filed a

meaningless, time-barred charge with the state agency strikes this Court as illogical. To so hold would be to reduce the state filing to a procedural sham.

Other jurisdictions that have addressed this precise question have all held that a failure to file state charges in a timely fashion prevents a complainant from availing herself of the extended filing period, at least where the state and non-extended federal filing periods are the same.[4]

In *Dubois v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir. 1973), the Tenth Circuit was faced with the identical issue presented to this Court. In *Dubois*, the Court held that failure to file with the state agency within the state limitation period precludes application of the extended federal filing period.

The plaintiff in *Dubois* argued "that once she has filed charges with the appropriate state agency—whether timely or not—she is entitled to the benefit of [the] extended federal filing period." *Id.* at 974. The Court reasoned that the state agency's rejection of the complaint as untimely was not a "termination" of the state proceeding within the meaning of the statute and therefore concluded that such a rejection did not trigger the extended filing period. The *Dubois* court stated:

"To accept appellant Dubois' [sic] contentions would enable a claimant to completely bypass state proceedings in favor of federal proceedings by simply waiting until the state is prevented ... from considering the claim, and then utilizing the extended filing provisions of subsection (d)—a result which flies in the face of congressional intent." *Id.* at 975.

In *Mobley v. Acme Markets, Inc.*, 473 F.Supp. 851, 857 (D.Md.1979), the court considered the same issue and determined that "the rule in [the Fourth] Circuit is that the state charges must be timely filed under state law to trigger the longer, 300-day time limit for filing charges with the EEOC."

4. A different case is presented where the state filing period is considerably shorter than the non-extended federal period. This case does not present the question—and thus the Court does not decide—what rights a claimant has who files within 180-days with the EEOC but whose state filing is untimely.

The question whether an untimely filing with a state agency will trigger the extension of the EEOC filing deadline also arose in *Mills v. National Distillers Products Co.*, 435 F.Supp. 72 (S.D.Ohio 1977). The *Mills* court stated:

"The judicial precedent appears too clear for extended discussion; and this Court concludes that the question must be answered in the negative." *Id.* at 75.

The court reasoned that the extension is only applicable where the plaintiff instituted proceedings before a state agency with authority to grant relief, and that a state agency has no authority to act when an untimely charge has been filed.

In *DeGideo v. Sperry-Univac Co.*, 415 F.Supp. 227, 230 (E.D.Pa.1976), the court determined that a claimant had initiated state proceedings within the meaning of the statute only when a charge has been filed with the state agency within the state limitation period. The court stated: "Where, as here, a charge is not timely filed with the appropriate state agency, the purpose for allowing the extended federal filing period is not served, since there is nothing before the state agency to process." The court concluded that a failure to file timely state charges deprived the district court of subject matter jurisdiction.

This Court agrees with the reasoning of these opinions. Accordingly, the Court holds that plaintiff's failure to file with the FEPC within 180 days of the alleged unfair employment practice precludes plaintiff from relying on the extended 300-day period to file her charge with the EEOC. Plaintiff likewise failed to file with the EEOC within 180 days. Thus, defendant's motion to dismiss for lack of jurisdiction is granted.

## ON MOTION TO RECONSIDER

This is a sex discrimination case under Title VII, 42 U.S.C. § 2000e *et seq.* Plaintiff Nancy Lowell has moved the Court to reconsider its decision granting the motion to dismiss of defendant Glidden-Durkee. The Court granted defendant's motion after finding that plaintiff had failed to file her employment discrimination charge with the Equal Employment Opportunities Commission ("EEOC") within the applicable time period. The facts are set out in the Court's memorandum opinion and order of March 16, 1981.

Plaintiff argues two bases for reconsideration. She argues, first, that the court incorrectly determined when the filing period began to run, and secondly, that the recent case of *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), requires the application of the 300-day extended filing period in this case.

Regarding the commencement of the filing period, plaintiff states in her memorandum that:

". . . this court found that the effective date of plaintiff's termination was February 18, 1977, . . . rather than March 11, 1977, the date plaintiff advised her supervisor as being effective date of her resignation."

This is incorrect. The court accepted as true for the purposes of the motion to dismiss plaintiff's allegation that the effective date of her termination was March 11, 1977. The filing period, however, commences on the date of the alleged discriminatory conduct, which may or may not coincide with the actual termination of employment.

Plaintiff contends she voluntarily resigned; thus the date she tendered her resignation is not dispositive. On the basis of plaintiff's affidavits, the court concluded that it was undisputed that defendant's alleged discriminatory conduct caused plaintiff to give notice of her resignation on February 18, 1977. Any injury plaintiff suffered must have been suffered by her at least by that date, and that date marks the commencement of the filing period.

As a consequence, plaintiff's corollary argument, that she was misled by defendant into believing that March 11, 1977, was her termination date and therefore defendant should be estopped from contending that the filing period began prior to that date, is also unavailing. Plaintiff's understanding with regard to her effective termination

date has no bearing on the date she claims to have suffered discrimination. It is the date of injury that marks the beginning of the filing period.

The alleged discriminatory conduct occurred on or before February 18, 1977. On September 1, 1977, plaintiff's husband delivered her formal charge to the Chicago Regional EEOC office. This initiated state proceedings, but was untimely because it was 195 days after the alleged discriminatory conduct and Illinois has a 180-day filing period. Charges were not "filed" with the EEOC itself, within the meaning of *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), until September 24, 1977, 218 days after the alleged discriminatory conduct.

Plaintiff's second argument is that her federal filing was timely because it was within the 300-day extended filing period available to claimants in deferral states such as Illinois. Plaintiff contends that the extended filing period applies even though she failed to file charges with the Illinois Fair Employment Practices Commission within the 180-day state limitation period. Plaintiff relies principally on *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

In support of her motion for reconsideration, plaintiff relies on a recent decision of the Third Circuit which was not considered by this Court in its original opinion. In fact, very recently several courts have interpreted *Mohasco* as requiring that the comparable extended filing period available under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, applies to all plaintiffs in deferral states, regardless of the timeliness of their filing with state agencies. *Davis v. Calgon Corp.*, 627 F.2d 674 (3d Cir. 1980); *Ewald v. Great Atlantic & Pacific Tea Co.*, 644 F.2d 884 (6th Cir. 1981); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir. 1981). This Court, however, continues to be unpersuaded that *Mohasco* mandates the rule advanced by plaintiff.

■ A literal reading of certain language in *Mohasco* does support plaintiff's contention that all plaintiffs in deferral states may claim the extended filing period, regardless of their compliance with state filing periods. The *Mohasco* Court stated:

"... in deferral States ... Congress in effect gave complainants an additional 60 days in which initially to file a charge and still ensure preservation of their federal rights. In other words, ... a complainant in such a deferral State could have filed on the [240th] day, and then filed with the EEOC on the [300th] day at the end of the 60-day deferral period, while a complainant in a non-deferral State had to file on the [180th] day with the EEOC." 100 S.Ct. at 2495.

This language, however, which is dicta, must be considered in light of the facts in *Mohasco*. In that case, the state filing period was 365 days. The *Mohasco* complainant could have filed on the 240th day, and that filing would have been timely under the state filing period. The *Mohasco* Court thus was concerned with the situation where the state filing period *exceeded* the 180-day filing period for non-deferral states.

This conclusion is reinforced by a careful reading of footnotes 16 and 19 of the *Mohasco* opinion. In footnote 16, the Court stated:

"*Olson* [an Eighth Circuit case] held that in order to preserve his rights under Title VII, a complainant must *under all circumstances* initially file his charge with either a state fair employment practices agency or the EEOC *within 180 days* of the discriminatory occurrence....

."As indicated n.19, *infra*, we believe that the restrictive approach exemplified by *Olson*, is not supported by the statute." (emphasis added).

The *Mohasco* Court was rejecting a line of cases that had held that plaintiffs must file with the state agencies within 180 days in order to claim the extended federal filing period. The court labeled this rule as "restrictive" because it did not accommodate those states having state filing periods in excess of 180 days.

Footnote 16 goes on to state:

"Under the *Moore* [v. *Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972)] decision, which we adopt today, a complainant in a deferral State ... need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved."

This sentence is ambiguous at best. Neither the Seventh Circuit in *Moore* nor the Supreme Court in *Mohasco* considered whether the applicability of the extended federal filing period depended on the timeliness of the state filing. In neither case was the timeliness of the state filings at issue. As neither Court addressed the precise question presented here, this Court is not bound by dicta in those opinions. *See* 1B Moore, *Federal Practice* ¶ 0.402[2].

In footnote 19, the *Mohasco* Court again noted that language in Title VII "has been construed to require that the filing with the state agency be made within 180 days." In again rejecting this rule, the court cites with favor *Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir. 1976). That case dealt specifically with the situation, also present in *Mohasco*, where the state filing period exceeded 180 days. In *Doski*, the Court adopted the argument "that as long as the charges are timely filed under the state agency's own regulations, the 300-day filing period with EEOC applies." *Id.* at 1329. The *Mohasco* court's reliance on *Doski* reinforces this Court's conclusion that the *Mohasco* Court did not address the issue whether the 300-day filing period applies when the state filing in a state having a 180-day filing period is *not* timely.

A footnote in the recent case of *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d. 431 (1980), lends further support to this conclusion. Footnote 13 in *Ricks* states:

"In its brief before this court, the EEOC as *amicus curiae* noted that Delaware is a state with its own fair employment practices agency. According to the EEOC, therefore, Ricks was entitled to 300 days to file his complaint.... Because we hold that the time limitations periods commenced to run no later than June 26, 1974, *we need not decide whether Ricks was entitled to 300 days to file under Title VII.* Counting from the June 26 date, *Ricks'* filing with the EEOC was not timely even with the benefit of the 300-day period." (emphasis added)

If *Mohasco* had determined, as plaintiff contends, that all complainants in deferral states are entitled to the 300-day filing period, then the Court in *Ricks* would have had no need in any case to "decide whether Ricks was entitled to 300 days to file." If plaintiff were correct, that issue would have been foreclosed by *Mohasco*.

Having determined that *Mohasco* does not mandate the rule argued by plaintiff, the Court further concludes that policy considerations weigh against allowing plaintiffs in deferral states that have state filing periods of 180 days to claim the extended federal filing period, when their state filing was untimely.

To rule in plaintiff's favor would be to rule that any plaintiff in a deferral state becomes entitled to the extended filing period simply by filing a charge with the state agency, even though that charge is without any significance because it is time-barred. Such a result flies in the face of the purpose behind the extended filing period, which is to allow state agencies the initial opportunity to consider and resolve employment discrimination charges.

Where the state filing period is less than 180 days, there is some reason for disregarding the untimeliness of the state filing for purposes of preserving the plaintiff's federal rights; state procedural rules should not be construed to abridge federal rights. But where, as here, the state filing period is the same as the federal filing in non-deferral states, there are no such countervailing considerations. Moreover, to allow plaintiffs in cases where the state filing period is 180 days extra time in which to bring charges strikes the court as unfair to those complainants in non-deferral states who must act within 180 days or forfeit their federal rights.

*Mohasco* carves out an exception to the 180-day limitation period: where the state filing period exceeds 180 days, plaintiffs do get extra time in which to bring charges. This, however, is in furtherance of the purpose behind the deferral provision—to give state agencies the first chance to deal with employment discrimination. Where a plaintiff has precluded state review by failing to file timely state charges, and where the state gives such plaintiff at least 180 days to initiate state proceedings, there is no justification for allowing the plaintiff an extended filing period.

Plaintiff also cites the opinion in *Lemar v. EEOC*, No. 80 C 4920 (N.D.Ill. January 23, 1981) (mem. op.) and current EEOC regulations as support for plaintiff's argument that the 300-day filing period is applicable. This court, however, is unpersuaded by the reasoning in *Lemar*. Moreover, the EEOC regulation cited by plaintiff, which states that a charge is filed with the EEOC upon receipt, is contrary to the holding in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 2490 n.12, 2496, 65 L.Ed.2d 532 (1980).

For the foregoing reasons, plaintiff's motion to reconsider the court's order granting defendant's motion to dismiss is denied.