**Walter KOMAN, Plaintiff,**

v.

**SEARS, ROEBUCK & CO., Defendant.**

**No. 84 C 5754.**

United States District Court,
N.D. Illinois, E.D.

Oct. 15, 1984.

Edward Kahn, Michael F. McKinley, William T. Coleman, J. Kevin Hennessy, Kahn & Facktor, P.C., Chicago, Ill., for plaintiff.

Melissa Apcel, Richard Levy, Latham & Watkins, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34 (1982), is before the court on the motion of defendants to dismiss for plaintiff's failure to file timely state charges with the Illinois Department of Human

Rights (IDHR). Specifically, the issue is whether plaintiff's failure to commence state administrative proceedings until after this suit was brought precludes him from taking advantage of the extended 300 day period ·for contacting the EEOC allowed under § 626(d)(2) of the ADEA. Although the question of construction is close, the court holds that plaintiff is so precluded, and grants defendant's motion.

Plaintiff Walter Koman, a Chicago resident, was employed by defendant Sears from January, 1955 until July 7, 1981, when he was discharged from his position as Producer/Operations in Sears' Audio Visual Department. Plaintiff has alleged that he was discharged because of his age, in willful violation of 29 U.S.C. § 623(a)(1). On March 12, 1982, 248 days after his discharge, plaintiff filed charges of age discrimination with the EEOC. The present action was filed on July 5, 1984. Defendants moved to dismiss on the ground that the plaintiff had never commenced state proceedings and therefore did not meet the statutory prerequisites under 29 U.S.C. § 623(b) for bringing a civil ADEA suit. Defendants further argued that the plaintiff's filing with the EEOC after 180 days was untimely, and therefore that the jurisdictional prerequisites of § 626 were also not satisfied. In response, plaintiff filed charges with the IDHR on August 2, 1984. Because this date was more than two and a half years after the 180-day limitations period for filing such charges had run, see Ill.Rev.Stat., ch. 68, § 7–102(A)(1) (1982), the IDHR promptly dismissed the charges. Plaintiff now argues that this filing, albeit untimely, is sufficient to preserve his federal rights under the ADEA, and that his EEOC filing was timely because made within 300 days of the date of discrimination.

The general requirements of timeliness under the ADEA are found in §§ 7(d) and 14(b) of the Act, 29 U.S.C. §§ 626(d) and 633(b). Section 7(d), 29 U.S.C. § 626(d), provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such charge shall be filed—
> (1) within 180 days after the alleged unlawful practice occurred; or
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Section 14(b) of the Act, 29 U.S.C. § 633(b), in turn provides:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated. . . .

Neither party has disputed that the Illinois Department of Human Rights meets the requirements of a "State authority" as defined in § 633(b). Plaintiff has not urged any equitable grounds for tolling the time period, nor has he argued that his submission to the EEOC initiated state proceedings within the meaning of § 633(b). *See Moore v. Sunbeam Corp.,* 459 F.2d 811 (7th Cir.1972) (submission to EEOC within state limitations period "initiates" state proceedings within meaning of Title VII). Rather, the sole issue for decision is whether plaintiff can invoke the 300 day period of § 626(d)(2) without having made *any* effort within that same period to initiate state administrative proceedings.

In *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Supreme Court held that ADEA plaintiffs in deferral states to which § 14(b) is applicable must initiate state administrative proceedings prior to filing suit in federal court. The Court also held, however, that

§ 14(b) does not require those proceedings to be commenced within the time specified by state law, *id.* at 762, 99 S.Ct. at 2074, and suggested that the plaintiff in that case be allowed to comply with § 14(b) by filing a complaint with the state commission while the federal court held his suit in abeyance. *Id.* at 764–65, 99 S.Ct. at 2075–76. Subsequently, in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court stated in dicta that a Title VII plaintiff, under provisions analogous to § 7(d) of the ADEA, need not necessarily commence state proceedings within 180 days in order to obtain the extended filing period of 300 days. *Id.* at 816 n. 19, 100 S.Ct. at 2492 n. 19. In light of these two cases, plaintiff argues that timeliness of the state filing is not necessary in order to invoke the longer 300 day period allowed plaintiffs in deferral states such as Illinois.

As all parties are aware, the argument put forth by plaintiffs is identical to one this court has rejected in the context of Title VII. *Lowell v. Glidden-Durkee, Division of SCM Corp.,* 529 F.Supp. 17 (N.D. Ill.1981). In *Lowell,* I held that a Title VII plaintiff who had not filed state proceedings until 218 days after her unlawful discharge, 38 days after the state limitation period of 180 days had run, could not claim advantage of the 300 day extended period provided in § 706(e) of the Civil Rights Act, 42 U.S.C. § 2000e–5(e). That decision was recently reaffirmed by this court, *Daniels v. City of Aurora,* No. 83 C 7878, slip op. (April 23, 1984), and has been followed by most courts in this district despite considerable authority to the contrary. *See Matos v. Anheuser-Busch, Inc.,* No. 83 C 7103, slip op. (N.D.Ill. March 21, 1984) (citing cases). In *Minogue v. Marsh & McLennan, Inc.,* No. 83 C 3674, slip op. (N.D.Ill. 7/24/84), *appeal docketed,* No. 84–2560 (7th Cir. 9/12/84), Judge Hart applied *Lowell* to an ADEA case.

I have reviewed the decision in *Lowell* and think its logic applies with equal force to ADEA cases, despite some differences in language between the two statutes. As noted in *Oscar Mayer,*

Since the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace, since the language of § 14(b) is almost *in haec verba* with § 706(c), and since the legislative history of § 14(b) indicates that its source was § 706(c), we may properly conclude that Congress intended that the construction of § 14(b) should follow that of § 706(c).

441 U.S. at 756, 99 S.Ct. at 2071.

With this rule of construction in mind, the flaws in plaintiff's argument will be addressed. First and foremost of these is plaintiff's disregard for the congressional purpose behind the extended federal filing period. As explained in *Mohasco:*

> [N]either [the extended filing period] nor anything else in the legislative history contains any 'suggestion that complainants in some states were to be allowed to proceed with less diligence than those in other states.' The history identifies only one reason for treating workers in deferral states differently from workers in other states: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed and to avoid federal intervention unless its need was demonstrated.

447 U.S. at 821, 100 S.Ct. at 2494 (citation omitted). In effect, plaintiff advocates that ADEA claimants who altogether ignore their state remedies may nonetheless take advantage of an extended filing period, the sole purpose of which is to allow plaintiffs who must exhaust their state remedies to do so without jeopardizing their federal rights. Such a position is unfair to plaintiffs in non-deferral states, who must file within 180 days, and totally ignores the congressional intent to give state agencies the opportunity to redress the discrimination before federal intervention has begun. As noted in *Lowell,* the argument "that a claimant becomes entitled to the extended filing period ... merely because she filed a meaningless, time-barred charge with the state agency strikes this court as illogical. To so hold would be to reduce the state

filing to a procedural sham." 529 F.Supp. at 22.

Neither *Oscar Mayer* nor *Mohasco* compels reconsideration of this conclusion. In *Oscar Mayer*, the Court considered the effect of an untimely state filing only on the plaintiff's ability to bring suit, and not on the plaintiff's ability to bring suit, and not on the plaintiff's ability to take advantage of the extended filing period for contacting the EEOC. Indeed, the Court could *not* have addressed the latter question, since the plaintiff in that case filed his notice of intent to sue [1] well within the 180 day period required of ADEA plaintiffs in nonderferral states. Moreover, the state limitation period at issue in *Oscar Mayer* was shorter than the federal non-extended filing period: the Court's holding that § 633(b) did not require timely state filings was necessary lest state procedural rules abridge federal rights.

In *Mohasco*, the issue was also not reached, since the plaintiff had initiated state proceedings *within* the state limitation period, which was one year. *Mohasco* held only that an EEOC submission filed prior to initiating state proceedings did not meet the statutory prerequisite of an EEOC filing as defined in §§ 706(c) and (e) of Title VII, 42 U.S.C. § 2000e-5(c) and (e). That holding is not relevant here since, unlike Title VII, the ADEA does not require *sequential* state and federal administrative jurisdiction. *See Oscar Mayer*, 441 U.S. at 757, 99 S.Ct. at 2072.

To support his argument, plaintiff cites *Mohasco* not for its holding but for the footnote in which the Court criticized several lower courts for construing § 706(e) to require that the filing with the state agency be made within 180 days. *See Mohasco*, 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16 ("[This] restrictive approach is not supported by the statute.") Plaintiff interprets this footnote to mandate application of the longer federal period in deferral

states irrespective of the timeliness with which the plaintiff initiated state proceedings. While this interpretation has been adopted by some circuits subsequent to *Mohasco, see, e.g., Davis v. Calgon Corp.*, 627 F.2d 674 (3d Cir.1980), *cert. denied*, 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981); *Ewald v. Great Atlantic & Pacific Tea Co.*, 644 F.2d 884 (6th Cir.1981); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981), I decline to follow it. As noted in *Lowell*, the relevant language in *Mohasco* addresses a line of cases which held that a claimant must *under all circumstances* file charges with a state employment agency within 180 days before taking advantage of the extended period. 529 F.Supp. at 21–22, 24–25. The Supreme Court found such an approach "restrictive" precisely because it did not take into account state filing periods of *longer* than 180 days. *Mohasco* thus stands for the sensible proposition that plaintiffs in deferral states with filing period of more than 180 days may take advantage of those extended periods and not jeopardize their federal rights, so long as they meet the 300 day deadline for filing with the EEOC. In the present case, however, where the state filing period is the same as the federal filing period in non-deferral states, no such considerations offset the unfairness of allowing plaintiffs in deferral states "to proceed with less diligence" than ADEA plaintiffs in non-deferral states. *Mohasco*, 447 U.S. at 821, 100 S.Ct. at 2494.

Plaintiff's strongest argument rests on the differences in language between Title VII and the ADEA. Section § 706(e) of Title VII, which was construed in *Lowell*, reads as follows:

A charge under this section shall be filed within one hundred and eighty days ... except that in a case of an unlawful employment practice *with respect to which the person aggrieved has initially instituted proceedings with a State*

---

**1.** The Notice of Intent to Sue was the predecessor of the Charge of Age Discrimination now required to be filed with the EEOC. This change took effect by virtue of the amendments

to the ADEA in Pub.L. 95–256, § 4(b)(1), Apr. 6, 1978; 1978 Reorg. Plan No. 1, § 2, eff. Jan. 1, 1979, 43 Fed.Reg. 19807, 92 Stat. 3781.

*or local agency* ... such charge shall be filed ... within three hundred days. 42 U.S.C. § 2000e-5(e) (emphasis added). By contrast, the ADEA allows 300 days for filing "in a case to which section 633(b) of this title applies..." 29 U.S.C. § 626(d)(2). Section 633(b), in turn, requires that ADEA plaintiffs in states with agencies competent to redress age discrimination must "commence" state proceedings before filing suit, and does not mention the extended federal filing period at all. It is therefore arguable that § 633(b) "applies" within the meaning of § 626(d)(2) whenever the alleged unlawful practice occurs in a deferral state.

This construction is wrong for two reasons. First, in *Oscar Mayer*, the Supreme Court concluded that the ADEA required no less deference to state agencies than Title VII despite statutory provisions possibly suggesting otherwise. 441 U.S. at 756–57, 99 S.Ct. at 2071–72. Significantly, plaintiff offers no plausible explanation as to why Congress chose a different result under the ADEA from that under Title VII. To the contrary, the difference in language between § 706(e) and § 626(d) can be readily explained by the fact that the ADEA, unlike Title VII, "permits concurrent rather than sequential state and federal administrative jurisdiction" in order to prevent the delay inherent in sequential jurisdiction from prejudicing the rights of older citizens for whom time may be especially precious. *Id.* at 757, 99 S.Ct. at 2072. Therefore, the explicit hinging of federal filing on a *prior* state filing, as required under Title VII, would make no sense under the ADEA.

Secondly, the legislative history of § 626(d) unequivocally demonstrates that Congress intended that provision to have the same effect as § 706(e):

> [N]otice of intention to sue must be given the Secretary of Labor within 180 days after the alleged unlawful practice occurred, except that where action has

been commenced under a State statute this period shall be extended to 300 days. S.Rep. No. 723, 90th Cong., 1st Sess. 5. This view is then reiterated later in the same report:

> Subsection (d) requires that ... the notice to be filed by an individual who wishes to bring suit must be filed within 180 days of the occurrence of the alleged unlawful practice except that where a state has undertaken action in accordance with its laws, an individual must file his notice within 300 days of the alleged unlawful practice.

*Id.* at 10. Given that § 626(d), on its own terms, is equally susceptible of being interpreted either as plaintiff or defendant contends, the legislative history is controlling. Accordingly, the court holds that plaintiff may *not* involve the extended filing period of § 626(d)(2) without having made a timely state filing.[2]

Therefore, defendant's motion to dismiss for lack of timeliness is granted.

It is so ordered.

---

**2.** Even were this court to reverse the decision in *Lowell* or deny its application to ADEA cases, plaintiff would still not be entitled to relief. By the plaintiff's admission, the § 633(b) prerequisite of commencing state proceedings did not occur in this case until Aug. 2, 1984, *after* the statute of limitations for suits alleging willful violations of the ADEA had run. Under these circumstances, defendant's objections to plaintiff's lack of timeliness have greater force than the objections of the defendants in *Lowell* or like cases.