**Marcella GUNN, Plaintiff,**

v.

**The DOW CHEMICAL COMPANY, Defendant.**

**No. IP 80–699–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Sept. 30, 1981.

**1174**

Z. Mae Jimison, Indianapolis, Ind., Leroy Clark, Warren Bo Duplinsky, E. E. O. C., Washington, D. C., for plaintiff.

Kim F. Ebert, King, Downing & Haramy, Indianapolis Ind., Douglas S. McDowell, McGuiness & Williams, Washington, D. C., Herbert C. Snyder, Jr., Barnes, Hickam, Pantzer & Boyd, Roberta Selman, Indianapolis, Ind., for the Dow Chemical Co.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND JUDGMENT

HOLDER, District Judge.

This matter comes before the Court on the defendant's, The Dow Chemical Company, motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, or for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and alternative motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. The plaintiff responded to the defendant's motion on November 21, 1980 with a memorandum in opposition. The defendant filed its reply brief on January 18, 1981 and a brief of supplemental authority on April 8, 1981. The defendant sub-mitted revised proposed findings of fact and conclusions of law on April 16, 1981. The plaintiff responded by filing her statement of genuine issues on April 29, 1981.

Also before the Court are the briefs of the Equal Employment Opportunity Commission, which entered its appearance as amicus curiae on behalf of the plaintiff. The Equal Employment Opportunity Commission filed briefs on December 1, 1980 and May 4, 1981. The Equal Employment Advisory Council's motion to participate as amicus curiae on behalf of the defendant herein was granted on February 27, 1981 and its memorandum of law was considered by the Court. The Court, being duly advised, will now submit its ruling.

The plaintiff's action is brought pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. The plaintiff's amended complaint alleges that the defendant has discriminated against her on the basis of her sex and her race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

The defendant's November 12, 1980 motion is a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The defendant's motion additionally requests that it be considered a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure as there are no genuine issues of material fact remaining. Both the plaintiff and the defendant have submitted affidavits in support of their respective positions and have complied with the Court's Local Rules by submitting proposed findings of fact and conclusions of law and a statement of genuine issues. Accordingly, the Court will consider the defendant's motion as a motion for summary judgment.

The undisputed facts, as revealed by the pleadings and the affidavits, are as follows. The plaintiff is a citizen of the State of Indiana and the United States of America. The plaintiff is a black female who was employed by the defendant herein from April 8, 1974 through June 1, 1979, when she resigned from her employment with the defendant company.

The defendant is an employer within the scope and meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

The plaintiff filed her charge of racial and sexual employment discrimination with the E.E.O.C. on March 24, 1980. This charge was filed with the E.E.O.C. two hundred and ninety six days (296) after the plaintiff's resignation from her employment on June 1, 1979. The charge alleges acts of employment discrimination by the defendant from on or about March 20, 1979 through June 1, 1979. The charge which the plaintiff filed with the E.E.O.C. did not allege any continuing violations of Title VII by the defendant after June 1, 1979. On March 25, 1980, the E.E.O.C. transmitted a 'Notice of Filing (Timeliness)' along with a copy of the plaintiff's employment discrimination charge to the Indiana Civil Rights Commission.

The E.E.O.C. dismissed the plaintiff's employment discrimination charge on April 15, 1980 stating as its reason that the E.E.O.C. lacked jurisdiction to process the plaintiff's charge. On this same date the E.E.O.C. issued its 'Notice of Right to Sue' letter to the plaintiff. The plaintiff commenced the present action with the filing of her one count complaint on July 14, 1980, which was subsequently amended on November 3, 1980.

The plaintiff's amended complaint alleges that the discriminatory acts and procedures practiced by the defendant company have continued throughout the time of her employment through and including the date of the filing of her original complaint in this Court.

In order to consider the timeliness of the plaintiff's charge of employment discrimination, the Court must determine the last date on which the alleged unlawful employment practice occurred. An examination of the amended complaint and the affidavits and exhibits on file, reveal only conclusory statements as to the continuing nature of the discrimination from June 1, 1979 to July 14, 1980. It is the general rule that "(t)ermination of employment either through discharge or resignation is not a 'continuing' violation. It puts at rest the employment discrimination because the individual is no longer an employee." *Terry v. Bridgeport Brass Company*, 519 F.2d 806, at 808 (7th Cir. 1975).

■ Accordingly, the last date on which the alleged unlawful employment practices of the defendant in relation to the plaintiff could have occurred is June 1, 1979. This is the date the plaintiff resigned her employment with the defendant company and the date which the plaintiff used when she filed her charge of employment discrimination on March 24, 1980 with the E.E.O.C.

■ It is well established that a Title VII plaintiff must timely pursue his claim for relief by pursuing his administrative remedies. *Moore v. Sunbeam Corporation*, 459 F.2d 811, at 821 (7th Cir. 1972). Accordingly, the Court must determine if the plaintiff timely filed her charge of employment discrimination with the E.E.O.C. prior to initiating the action in this Court.

The applicable statute involved is 42 U.S.C. § 2000e–5, and provides, in pertinent part:

(c) In the case of an alleged unlawful employment practice occurring in a State, . . . which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after the proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the

proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection. at the time such statement is sent by registered mail to the appropriate State or local authority.

(d) . . .

(e) A charge under this section shall be filed within *one hundred and eighty days after the alleged unlawful employment practice occurred* and notice of the charge . . . shall be served upon the person against whom such charge is made within ten days thereafter, *except* that in a case of an unlawful employment practice with respect to which the *person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice* or to institute criminal proceedings with respect thereto upon receiving notice thereof, *such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred,* or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

The plaintiff filed her charge of employment discrimination with the E.E.O.C. on March 24, 1980. Prior to this date the plaintiff had not filed any charge of employment discrimination with any State or local agency.

The plaintiff's March 24, 1980 charge of employment discrimination was not filed with the E.E.O.C. within one hundred and eighty days (180) after the last date of the alleged unlawful employment practice of June 1, 1979. Instead, the plaintiff's charge of employment discrimination was filed with the E.E.O.C. two hundred and ninety six days (296) after the plaintiff's June 1, 1979 resignation from the defendant company and the last date of the alleged unlawful employment practice.

It is the rule that a charge of employment discrimination shall be filed with the E.E.O.C. within one hundred and eighty days after the alleged unlawful employment practice occurred. Section 706(d) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(e). Plainly, the plaintiff did not file her charge within this one hundred and eighty day (180) time period. However, an exception to this general rule "allows a filing with the EEOC after 180 days if 'the person aggrieved has *initially instituted* proceedings with a State or local agency *with authority to grant or seek relief* from such practice' ". *Mohasco Corporation v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, at 2491, 65 L.Ed.2d 532 (1980). (Emphasis added)

Therefore, in order for the plaintiff's charge of employment discrimination to be timely filed with the E.E.O.C., the plaintiff must come within the special three hundred day (300) exception period authorized in Section 706(d) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(e), and which is available to those persons who have initially instituted proceedings with a State or local agency.

In the State of Indiana, the Indiana Civil Rights Commission is the State agency with the power, by statute, to investigate discriminatory practices and to receive written complaints of violations of the civil rights laws or other discriminatory practices based upon race, religion, color, sex, national origin or ancestry and to investigate such complaints, or to conduct such investigations in the absence of complaints whenever it deems it in the public interest. I.C. § 22–9–1–11. Thus, the Indiana Civil Rights Commission is a deferral agency within the scope and meaning of Section 706(b) and (d), 42 U.S.C. § 2000e–5(c) and (e).

Indiana statutory law requires that any employment discrimination charge must be filed with the Indiana Civil Rights Commission within ninety days (90) from the date of the occurrence of the alleged discriminatory practice in order to be valid. I.C. § 22–9–1–3(*o*).

In March of 1980, there existed between the Indiana Civil Rights Commission and the E.E.O.C. a work sharing agreement. Under the terms of this agreement, the E.E.O.C. and the Indiana Civil Rights Commission (hereinafter I.C.R.C.) each designated the other as its agent for the purpose of receiving charges of discrimination. Each agency was to forward all appropriate charges and necessary supportive documentation to the other agency within forty-eight hours (48) of the filing of the charge or as soon as practicable. In order to facilitate the early resolution of charges assigned under this work sharing agreement to the E.E.O.C., the I.C.R.C. waived its rights granted it under 42 U.S.C. § 2000e–5(c) and (d) of Title VII of the Civil Rights Act of 1964, as amended, to have an exclusive opportunity to resolve for a period of sixty days (60) the charges of discrimination assigned to the E.E.O.C. However, the delegation of authority to receive charges by the E.E.O.C. and the I.C.R.C., did not include the right of one agency to determine the jurisdiction of the other agency over a charge.

■ The plaintiff filed her charge of employment discrimination with the E.E.O.C. on March 24, 1980. Pursuant to the terms of the work sharing agreement, the E.E.O.C. transmitted a copy of the plaintiff's employment discrimination charge to the I.C.R.C. on March 25, 1980. Accordingly, state proceedings were thus commenced by the E.E.O.C. when it forwarded a copy of the plaintiff's discrimination charge to the I.C.R.C. on March 25, 1980. The I.C.R.C. did not make any determination as to whether or not it had jurisdiction over the plaintiff's March 24, 1980 charge of employment discrimination. Viewing the facts in a light most favorable to the plaintiff, the Court is of the opinion that the absence of any communication from the I.C.R.C. on jurisdiction, or any other matter in regards to the plaintiff's complaint, indicates that the State of Indiana, through the waiver provisions of the work sharing agreement, thereby terminated the State proceedings in accordance with 42 U.S.C. § 2000e–5(c) and (d).

■ As already found by this Court, the plaintiff did not file her charge with the E.E.O.C. within one hundred and eighty days (180) of the alleged discriminatory act. Therefore, only if the plaintiff had initially instituted proceedings with the proper State agency may she obtain the benefit of the extended three hundred day (300) filing period. The Court is of the opinion that in order to 'institute' State proceedings, the complainant must file a charge in proper form and within the proper State limitation period so that the proper State or local agency will be able to assume jurisdiction over the charge. *See*: *De Gideo v. Sperry-Univac Co.*, 415 F.Supp. 227, n.6 at 230 (E.D.Pa.1976).

In the present action, the State of Indiana has a ninety day (90) period for the filing of employment discrimination charges. The plaintiff's charge, which the Court has already found was filed with the State agency on March 25, 1980, was not filed within this ninety day period. The plaintiff's charge was filed with the I.C.R.C. two hundred and ninety seven days (297) after the last date on which the alleged unlawful employment practices of the defendant company could have occurred. Therefore, when the E.E.O.C. forwarded the plaintiff's charge to the I.C.R.C., the ninety day period having already elapsed, there was nothing before the State agency for it to process.

■ The plaintiff having not timely instituted her State action with a State or local agency, the I.C.R.C. was without authority to grant or seek the relief the plaintiff sought. Thus, the failure of the plaintiff to timely file with the State agency did not trigger the special three hundred day (300) time period under 42 U.S.C. § 2000e–5(e). *See*: *Bennett v. Conrail*, 26 FEP 342, at 343 (W.D.Mich.1981). The plaintiff, having not filed a timely State claim, was thus obligated to file her Federal claim with the E.E.O.C. within one hundred and eighty days (180). Any other result would permit complainants in States with deferral agencies to proceed on their claims with less

diligence than those complainants in non-deferral States. *Accord* : *Bottoms v. St. Vincent's Hospital*, 11 FEP 392 (S.D. IN 1975).

As the United States Supreme Court noted in the case of *Mohasco Corporation v. Silver*, 100 S.Ct. 2486 at 2494 (1980)

> The history identifies only one reason for treating workers in deferral States differently from workers in other States: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated. The statutory plan was not designed to give the worker in a deferral State the option of choosing between his state remedy and his federal remedy, *nor indeed simply to allow him additional time in which to obtain state relief.* (emphasis added)

■ Accordingly, since the plaintiff did not timely file her charge with the State of Indiana or with the E.E.O.C., this Court lacks jurisdiction over the subject matter of the action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

■ Plaintiff has also attempted to assert a claim for relief under 42 U.S.C. § 1981, for both racial and sexual discrimination by the defendant. The provisions of 42 U.S.C. § 1981 apply only to racial discrimination and do not apply to sex-based discrimination.

Therefore, the plaintiff's action fails to state a claim for which relief can be granted on the allegations of sex-based discrimination under 42 U.S.C. § 1981.

The Court will next turn its attention to the plaintiff's allegations of racial discrimination under 42 U.S.C. § 1981. The allegations in the plaintiff's complaint regarding racial discrimination fail to allege specific acts of discrimination or the approximate dates of these occurrences. Plaintiff's complaint is a recitation of conclusory statements as to the nature of the defendant's actions and the alleged discrimination.

Rule 56(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the present cause of action the Court finds that the plaintiff, a black female, was employed by the defendant company in a custodial capacity from April 8, 1974 through June 1, 1979. That on or about March 23, 1979, the plaintiff was injured in a non-work related accident. On June 1, 1979 the plaintiff voluntarily resigned her employment with the defendant company when she turned in her I.D. and security pass to a security attendant for the defendant company and told this same attendant that she was quitting. The plaintiff subsequently filed a claim with the Indiana Employment Security Division for benefits. The defendant company opposed the plaintiff's claim for benefits. On October 24, 1980, the Review Board of the Indiana Employment Security Division issued its decision denying the plaintiff's claim for unemployment compensation and determining that the plaintiff had voluntarily resigned her employment with the defendant company. The plaintiff filed her charge of employment discrimination with the E.E.O.C. on March 24, 1980. This charge of employment discrimination was sent to the I.C.R.C. on March 25, 1980. The charge of employment discrimination which the plaintiff filed on March 24, 1980 with the E.E.O.C. was not timely filed, in that it was filed more than one hundred and eighty days (180) after the date of alleged employment discrimination, and was not filed within ninety days (90) as required under the law of the State of Indiana, and could not be a proper proceeding initially instituted with the State of Indiana. Since the plaintiff's June 1, 1979 resignation from the defend-

ant company, the defendant has not received any inquiries about the plaintiff nor has the defendant communicated with any prospective employers of the plaintiff. The only communication between the plaintiff and the defendant since her resignation was a letter dated June 6, 1979 from the manager of employee relations for the defendant company, the purpose of this letter being to finish any extraneous administrative details after the plaintiff's resignation.

The Court finds that the defendant has not discriminated against the plaintiff nor has the defendant committed any acts of harassment against the plaintiff.

The Court finds that this action is a proper subject for a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure as there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED. Judgment shall issue accordingly.