470 F.2d 973
 5 Fair Empl.Prac.Cas. 265, 5 Empl. Prac. Dec. P 8083
Betty Lou DUBOIS, on behalf of herself and all others
similarly situated, Plaintiff-Appellant,
v.
PACKARD BELL CORPORATION, a corporation registered to do
business in New Mexico, d/b/a Albuquerque Job
Corps Center For Women, Defendant-Appellee.
 No. 72-1333.
United States Court of Appeals,
Tenth Circuit.
 Dec. 18, 1972.
Rehearing Denied Feb. 1, 1973.
 
 Gerald R. Lopez, Atty., Equal Employment Opportunity Commission, Washington, D. C. (John de J. Pemberton, Jr., Acting General Counsel, and Julia P. Cooper, Chief, Appellate Section, Washington, D. C., on the brief amicus curiae), for appellant.
 Bernard P. Metzgar, Albuquerque, N. M., on the briefs, for appellant.
 Robert M. St. John, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., on the brief), for appellee.
 Before MURRAH, SETH and DOYLE, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 Betty Lou Dubois resigned as an employee of the Albuquerque Job Corps Center for Women, operated and controlled by appellee Packard Bell Corporation. 144 days later she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), under Title VII of the Civil Rights Act of 1964. She sought both injunctive and compensatory relief as provided under the Act. Inasmuch as subsection 706(b) of Title VII, 42 U.S.C. Sec. 2000e-5(b),[1] requires that no charge may properly be filed with the EEOC until after proceedings have been commenced under applicable state law, the EEOC referred Mrs. Dubois' complaint to the New Mexico Human Rights Commission. The New Mexico Commission rejected the complaint as untimely under the 90-day filing period provided in N. M.Stat.Ann. Sec. 4-33-9, subd. A (1971 Supp.), and returned it to the EEOC. When negotiations with Packard Bell failed, the EEOC notified Mrs. Dubois that she could bring suit pursuant to subsection 706(e).[2]
 
 
 2
 The trial court granted Packard Bell's motion for summary judgment on the ground that failure to file with the state agency within the 90-day period prescribed by the state statute precludes application of the extended federal filing period set forth in subsection 706(d) of Title VII. That subsection provides that where the state filing procedure set forth in subsection (b) has been followed, the 90-day federal filing period may be extended to either 210 days after the alleged unlawful employment practice occurred, or 30 days after receiving notice that the state or local agency has "terminated the proceedings under the State or local law," whichever is earlier.
 
 
 3
 As the case comes to us, Mrs. Dubois contends that once she has filed charges with the appropriate state agency-whether timely or not-she is entitled to the benefit of this extended federal filing period. The narrow question we must decide, then, is whether the New Mexico Commission's rejection of Mrs. Dubois' complaint because it was not timely filed was a termination of proceedings within the meaning of subsection 706(d) so as to qualify for the extended federal filing period. We hold it was not, and affirm the judgment.
 
 
 4
 In Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), and Vigil v. American Tel. & Tel. Co., 455 F.2d 1222 (10th Cir. 1972), recent cases relied upon by the EEOC in its amicus curiae brief, this Court also considered the filing requirements of subsections 706(b) and (d). These cases involved the filing of charges of unfair employment practices with the EEOC during or prior to consideration of the same complaints by the Colorado Civil Rights Commission. While clearly establishing that the filing requirements of subsections 706(b) and (d) may be met by filing a complaint with the EEOC during the period when the state commission has exclusive jurisdiction to act, these decisions are surely distinguishable from the present controversy, inasmuch as timely filings of the Colorado complaints afforded the state commission a bona fide opportunity to act upon the claims-an opportunity denied the New Mexico Commission in our case.
 
 
 5
 This question is one of first impression, and if the legislative history of Title VII were not so manifestly clear as to remove all doubt, the liberal interpretation accorded remedial legislation of this type might leave some room for argument as to the meaning of subsection (d). When, however, Title VII was being debated on the Senate floor there were strong objections to the manner in which its original provisions would have bypassed efforts at the state or local level to correct unfair employment practices. The final bill, accordingly, included the "Dirksen Amendment" as a compromise to expedite its passage. As Senator Humphrey explained, subsections 706(b) and (d) of the amended bill guarantee that the states ". . . will be given every opportunity to employ their expertise and experience . . ." before federal agencies are resorted to. To accept appellant Dubois' contentions would enable a claimant to completely bypass state proceedings in favor of federal proceedings by simply waiting until the state is prevented by statutes or regulations from considering the claim, and then utilizing the extended filing provisions of subsection (d)-a result which flies in the face of the congressional intent. Mrs. Dubois' failure to file within the time set forth in N.M.Stat.Ann. Sec. 4-33-9, subd. A (1971 Supp.), did, indeed, deprive the New Mexico Commission of a bona fide opportunity to consider or act upon her complaint, and she cannot successfully rely on the resultant rejection as a termination of state proceedings within the meaning of subsection 706(d), so as to enable her to invoke the extended federal filing period.
 
 
 6
 Mrs. Dubois claims the requirement of a timely state filing deprives her of her right to federal relief. The simple answer in this case is that if the state agency did not exist her claim would likewise be barred as untimely under the 90-day period which applies to federal filings in the absence of an appropriate state agency.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 Subsection 706(b) provides that in the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing the effectuation of appropriate relief under the law, no charge may be filed with the EEOC ". . . before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . ."
 
 
 [2]
 Subsection 706(e), 42 U.S.C. Sec. 2000e-5 (e), provides that a civil action may be brought for the purpose of preventing unfair employment practices and otherwise insuring compliance with the provisions of Title VII, if previous efforts to secure voluntary compliance through appropriate state agencies or the EEOC have been to no avail. Redress in accordance with this section, however, is dependent upon prior compliance with the filing period requirements of subsections (b) and (d)-the issue here. See, e. g., Culpepper v. Reynolds Metals Company, 421 F.2d 888, 891 (5th Cir. 1970)