Christine Lee MORRISON, formerly McTighe, Plaintiff,

v.

UNITED PARCEL SERVICE, et al., Defendants.

No. CIV–81–83–W.

United States District Court, W. D. Oklahoma.

June 10, 1981.

Robert B. Smith, Bloodworth, Smith & Biscone, Oklahoma City, Okl., for plaintiff.

Edward E. Soule, Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

LEE R. WEST, District Judge.

This case comes before the Court upon the defendant's Motion to Dismiss upon the grounds that the action is barred by the plaintiff's failure to make a timely filing of her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and her failure to make a timely commencement of this lawsuit. The plaintiff has responded in opposition to the motion and the defendant has replied thereto. The Court has considered the briefs of the parties and now determines that the Motion to Dismiss should be denied. The Court also determines that this order should be certified for appeal under 28 U.S.C. § 1292(b) for the reason that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

The plaintiff, Christine Morrison, brought this action alleging that the defendant United Parcel Service (UPS) had violated her rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., by virtue of having made adverse employment decisions with regard to the plaintiff on the basis of her sex. For the consideration of this motion, the Court need not focus on the merits but only on the dates of the relevant events. These dates appear to be undisputed by the parties.

The plaintiff was discharged by UPS on August 20, 1979. The plaintiff charged that this termination was a discriminatory act in a complaint which she signed on February 20, 1980, and which was filed with the EEOC office in Oklahoma City, Oklahoma, on or after February 20, 1980. The complaint was transmitted from the EEOC to the Oklahoma Human Rights Commission (OHRC) on or about March 7, 1980, and the OHRC dismissed the charge on May 28,

1980, on the grounds that it was not timely filed. The OHRC officially terminated its proceedings on the complaint on May 30, 1980; on or after this latter date, the EEOC began its consideration of the complaint. On July 17, 1980, the EEOC dismissed the plaintiff's charge on the grounds that it was not timely filed and issued a Notice of Right to Sue to the plaintiff. The plaintiff received the right-to-sue letter on July 28, 1980, and commenced this action on January 22, 1981.

It is certain that the plaintiff did fail to make a timely filing of her discrimination charge with the OHRC. 25 O.S. § 1502(a) requires that a "complaint must be filed within one hundred eighty (180) days after the alleged discriminatory practice occurs." The alleged practice in this case occurred on August 20, 1979; a timely complaint with the OHRC must have been filed on or before February 19, 1980. The complaint was signed by the plaintiff on February 20, 1980, and filed with the OHRC thereafter. The OHRC therefore dismissed the charge on the grounds that it was not timely filed.

The controversy in this matter first centers on whether the complaint with the EEOC was timely filed. The applicable section of Title VII is 42 U.S.C. § 2000e–5(e). That section provides that a charge of discrimination shall be filed within 180 days after the occurrence of the unlawful act, except when a person has initially instituted proceedings with a state or local agency with authority to grant relief, then the charge must be filed with the EEOC within 300 days of the act or within 30 days after receiving notice of the termination of the state or local proceedings, whichever is sooner. Persons residing in states with a fair employment state agency (deferral states) are required to make an initial charge with the state agency before pursuing their claim with the EEOC. 42 U.S.C. § 2000e–5(c).

The plaintiff in this case clearly made a filing with the EEOC within the 300 day limit and the defendant does not dispute whether the EEOC charge was filed by or

on behalf of the plaintiff within 30 days after termination of the state proceedings. The defendant contends, however, that the plaintiff is not entitled to the extended period for federal filing offered by § 2000e–5(e) because of her failure to make a timely filing with the state agency. In support of this contention, the defendant relies almost entirely on the Tenth Circuit decision in *DuBois v. Packard Bell*, 470 F.2d 973 (10th Cir. 1972). Briefly stated, the court in *DuBois* held that the failure to make a timely filing with the state agency deprived that state agency of the opportunity to consider the complaint and therefore failed to invoke the extended federal filing period. 470 F.2d at 975.

The *DuBois* decision is quite clear in its holding. If that decision were still the controlling rule of law then the plaintiff's cause of action would necessarily be dismissed by this Court as untimely. However, it is this Court's opinion that *DuBois* no longer applies because of subsequent decisional law. The first subsequent case to consider is *Olson v. Rembrandt Printing Company*, 511 F.2d 1228 (8th Cir. 1975). The Eighth Circuit court went further than the *DuBois* court while reaching a decision which was essentially consistent with it. The Court in *Olson* held, *inter alia*, that regardless of the state statutory provision on the length of the state filing period, a person in a deferral state in any event must file within 180 days with the state or local agency to gain benefit of the extended filing period.

The *Olson* case was subject to strong criticism in the recent U.S. Supreme Court decision in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). In *Mohasco* the court was not confronted with the precise questions that were decided in *DuBois* or *Olson*; the Supreme Court faced a related question as to what actions would constitute a filing under 42 U.S.C. § 2000e–5(c) or (e). In two footnotes, however, the Supreme Court addressed the ruling in *Olson* which applies a 180 day state filing period in deferral states as a precondition to having benefit of the extended federal filing period. The Supreme Court

states in footnote 16, 447 U.S. at 814, 100 S.Ct. at 2490:

"As indicated n. 19, *infra*, we believe that the restrictive approach exemplified by *Olson* is not supported by the statute. Under the *Moore* decision [*Moore v. Sunbeam Corp.*, 459 F.2d 811 (2nd Cir. 1972)], which we adopt today, a complainant in a deferral state having a fair employment practices agency over one year old need only file his charge within 240 days of the alleged discriminatory practice in order to insure that his federal rights will be preserved."

The Supreme Court spoke to the issue again in footnote 19, 447 U.S. at 816, 100 S.Ct. at 2491:

"This language [§ 2000e–5(e)] has been construed to require that the filing with the state agency be made within 180 days. *Olson v. Rembrandt Printing Co.*, see n. 16, *supra*. Although that construction is consistent with the general rules announced at the beginning of § 706(e), and is supported by one Congressman's understanding of the procedures at the time of the 1972 amendment to that section, see 1972 Leg.Hist. 1863 (remarks of Rep. Dent), Congress included no express requirement that state proceedings be initiated by any specific date in the portion of the subsection that relates to time limitations in deferral States. Further, there are contemporaneous indications in the legislative history, which, while not authoritative, contradict Representative Dent's views. See nn. 41–43, *infra*. See also *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1330–1332 (CA4 1976) (rejecting both *Olson* and its reliance on the analysis of Rep. Dent).

"In any event, we do not believe that a court should read in a time limitation provision that Congress has not seen fit to include, see *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402, at least when dealing with "a statutory scheme in which laymen, unassisted by trained lawyers initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679.

In contrast to the construction of the statute we adopt today, the *Olson* approach, urged upon us by petitioner and *amicus*, is not compelled by the plain meaning of the statutory language."

This Court reads the *Mohasco* language to reject any requirement of a timely filing with the state agency. Although the Supreme Court language on the subject is included in footnotes and was not essential to the decision made in *Mohasco*, the certainty of the language causes this Court to believe that it is no longer bound by the ruling in *DuBois.* This Court does recognize that a viable argument can be made for the position that *Mohasco* does not obviate the rule of *DuBois* in the Tenth Circuit. For this reason, this Order is made appealable under 28 U.S.C. § 1292(b).

In short, § 2000e–5(e) does not require that a party make a timely filing with a state agency as a prerequisite to obtaining the extended federal filing period. The statute only requires that a filing with the state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the occurrence of the discriminatory act. *Cf., Davis v. Calgon Corp.*, 627 F.2d 674 (3rd Cir. 1980), *cert. den.*, 101 S.Ct. 897 (1981) (rejecting *Olson* -type 180 day state filing limitation period in regard to Age Discrimination in Employment Act on authority of *Mohasco*). *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251 (9th Cir. 1980) (rejecting requirement for timely state filing under ADEA as prerequisite to obtaining extended federal filing period).

█ Having decided that the charge was timely filed with the EEOC, there remains for this Court to decide whether the plaintiff made a timely commencement of this action in this Court. The plaintiff received her right-to-sue letter on July 28, 1980, and began this action on January 22, 1981. The plaintiff undisputedly failed to commence the action within 90 days. Nevertheless, the plaintiff asserts that the action should be considered timely under the theory of equitable tolling of the limitations period. The reasons supporting this proposition are that the EEOC rejected the complaint as not being timely filed and that this decision by the EEOC was erroneous in view of the decision in *Mohasco*. In connection with this proposition, the plaintiff has offered the affidavit of Lorenzo Ramirez, the EEOC District Director who issued the dismissal of the plaintiff's charge. In the affidavit, Ramirez acknowledges that the dismissal and issuance of the right-to-sue letter was inconsistent with EEOC interpretation of the *Mohasco* decision and that such interpretation was issued by the associate general counsel for the EEOC on July 2, 1980, prior to the dismissal of the plaintiff's charge on July 17, 1980. EEOC regulations have subsequently been amended to recognize as timely any charge filed within 240 days of the discriminatory act in a deferral state.

The Court finds that plaintiff's argument for equitable tolling of the filing period to be quite persuasive. The dismissal by the EEOC was erroneous in view of this Court's reading of *Mohasco* as well as the EEOC's own interpretation of that case. This plaintiff's charge happened to be under consideration at the same time the difficult task of interpreting § 2000e–5(e) was being resolved by the U.S. Supreme Court. This Court believes that these circumstances surrounding the plaintiff's dismissal would be confusing not only to a layman but also to an attorney. When such changes in decisional law combine with acts of the EEOC and serve to confuse a complainant as to her rights, sufficient basis exist for equitable tolling of the period allowed for commencement of the action in court. *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974). *See Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 324 n.2 (10th Cir. 1976). This Court therefore holds that the period for commencing this action was tolled because of the error of the EEOC and the legal confusion existing prior to the decision of *Mohasco*, and further decides that this action was timely commenced.

In accordance with the foregoing conclusions, the defendant's Motion to Dismiss is hereby DENIED. This Order of the Court

is certified for appeal under 28 U.S.C. § 1292(b) for the reason that it involves a controlling question of law as to which there is a substantial basis for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this lawsuit.

IT IS SO ORDERED.