Gene BATTLE, Plaintiff,

v.

CLARK EQUIPMENT, BROWN
TRAILER DIVISION; UAW
Local 1265, Defendants.

James JONES, Plaintiff,

v.

CLARK EQUIPMENT, BROWN
TRAILER DIVISION; UAW
Local 1265, Defendants.

William CURRY, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

J. P. PARGO, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendant.

Percy H. CORLEY, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Vernon D. WILSON, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Laymon E. FLY, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Jim E. HARRIS, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Willie HENDERSON, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Chris MACON, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Warren L. GEORGE, Jr., Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Thomas JACKSON, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

William TAYLOR, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, UAW
LOCAL 1265, Defendants.

Donald E. WEBB, Plaintiff,

v.

CLARK EQUIPMENT COMPANY,
BROWN TRAILER DIVISION,
Defendant.

Nos. S81–16, S81–17, S81–78, S81–79, S81–
103, S81–108, S81–117, S81–118, S81–127,
S81–128, S81–129, S81–148, S81–130 and
S81–165.

United States District Court,
N. D. Indiana,
South Bend Division.

Oct. 21, 1981.

James Jones, Gene Battle, William Curry, J. P. Pargo, Percy H. Corley, Vernon D. Wilson, Laymon E. Fly, Jim E. Harris, Willie Henderson, Chris Macon, Warren L. George, Jr., Thomas Jackson, William Taylor, Donald E. Webb, pro se.

Barry A. Macey, Miles, Segal & Macey, Indianapolis, Ind., Irving J. Smith, Smith & McLaughlin, South Bend, Ind., for UAW Local 1265.

George H. Plaut, Buchanan, Mich., Timothy C. Klenk, Adrianne Mazura, Chicago, Ill., William F. McInerny, South Bend, Ind., for Clark Equipment.

## MEMORANDUM AND ORDER

SHARP, District Judge.

Plaintiff, Gene Battle, and 13 other plaintiffs brought an action against Clark Equipment Company and against UAW Local 1265 Union alleging that the Company and the Union actions with respect to the disbursement of the Sub Plan were racially discriminating in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Presently before the Court is defendant Clark Equipment Company's Motion to Dismiss. For the reasons discussed hereinafter, this Court is satisfied that defendant company's Motion to Dismiss should be granted.

This charge of discrimination arose from actions taken by the Company and the Union upon the closing of the company's Brown Trailer Division in Michigan City, Indiana. Plaintiffs were employed by the Company until January 1975. In November 1974, the Company announced that it had decided to close its Brown Trailer Division and that the entire work force would be permanently laid off. Shortly after the announcement the Company met with the Union to negotiate an agreement in eight of the plant closings. It is with respect to these negotiations, and specifically the amendments to the Supplemental Unemployment Benefit Plan ("Sub Plan"), set forth in Article XXV of the parties' collective bargaining agreement, that plaintiffs allege that the Company and Union have discriminated against them.

The Sub Plan provided for regular weekly benefits to be paid to any qualified employee while he/she was laid off. During late 1974 negotiations with the Company, however, the Union requested that the Company discontinue paying any further benefits from the Sub Plan fund. The Union further proposed that, upon ratification

by the membership, the Plan be amended to provide for the distribution of the Sub Plan's funds to the employees on a pro rata seniority basis. The Company acceded to the Union's demands.

On January 5, 1975 the Union called a special membership meeting to discuss the proposed action with respect to the Sub Plan. Union officials explained to the membership that unless regularly expected Sub Plan payments were frozen, the funds would be depleted through payment of unemployment benefits to those with less seniority who would be laid off during the earlier stages of the Company's phase-out of the Brown Trailer Division. The membership approved the freeze of payments and the amendment to the Sub Plan in a secret ballot election by a vote of 209 to 39.

By its terms, the amendment to pro rate distribution of the fund was not to become operative until executed by authorized representatives of the parties and at least 90% of the employees with the Sub Plan credits as of December 29, 1974, including 100% of the employees who were on layoff from the Company on the date the Union informed the Company that the agreement had been ratified. In June 1975, after all of the necessary signatures had been obtained, the pro rata distribution of the Sub Plan fund was made.

On or about July 23, 1975, the plaintiffs herein filed charges with the Equal Employment Opportunity Commission (EEOC) alleging the Company and Union actions with respect to the Sub Plan were racially discriminatory. Plaintiffs filed no charges with any state or local agency. Instead, sometime after July 23, the EEOC referred the charge to the Indiana Civil Rights Commission and on or about July 30, 1975, the State Agency waived the charge back to the EEOC.

On December 30, 1980, the EEOC issued its determinations with respect to each of the plaintiffs' charges. Attached to each determination was a right to sue notice, informing the plaintiffs that they must bring their actions within 90 days or their right to sue under Title VII would be lost. Thereafter, the plaintiffs filed the instant actions in this Court against the Company and the Union.

■ There are jurisdictional prerequisites to instituting a private action under Title VII. One of these prerequisites is that a plaintiff must file a charge with the EEOC within a certain time period after the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). If a charge has not been timely filed with the EEOC a federal court has no jurisdiction over a plaintiff's claims under the Act. *United Airlines v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).

Section 706(e) of the Act, with regard to the time period in which an EEOC charge must be filed specifically provides:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred ... 42 U.S.C. § 2000e–5(e)

The Supreme Court of the United States recently addressed the issue of when an unlawful employment practice occurs for purposes of computing the timeliness of an EEOC complaint under Section 706(e). In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 499, 66 L.Ed.2d 431 (1980), the court held that because the discriminatory act complained of was the denial of tenure, the alleged discrimination occurred, and the filing limitations period commence, at the time the tenure decision was made and communicated to the plaintiff. In so holding, the court specifically noted that in determining the timeliness of a discrimination charge, "[t]he proper focus is upon the time of the *discriminatory acts,* not upon the time which the *consequences* of the acts

become most painful." *Id.* (emphasis by the court); see *Abramson v. University of Hawaii,* 594 F.2d 202 (9th Cir. 1979).

■ In the consolidated cases before this Court, the plaintiffs alleged that the failure of the Company and Union to equally divide and distribute the existing Sub Plan payments was racially discriminatory. The proper focus for determining when the discriminatory act occurred is the time the decision was made regarding the payment of the Sub Plan funds and communicated to the plaintiffs, not when the effects of the act, the actual payment of funds was accomplished. Therefore, the discriminatory act, if any, occurred on January 5, 1975 when the Brown Trailer Division employees approved the freeze and the modification of the Sub Plan by an overwhelming majority. Thus, under the rule set forth in *Delaware State College,* the operative date for compiling the timeliness of plaintiffs' EEOC charges is January 5, 1975.

■ As noted above, Section 706(e) requires an aggrieved person to file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice." Although Section ⁷⁶(e) extends the filing period to 300 days when "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from [the alleged discriminatory] practice . . . upon receiving notice thereof . . .", this extended period does not apply in cases, such as these, in which the plaintiffs fail to file timely charges with the appropriate state agency.

■ Although the Seventh Circuit Court of Appeals has not yet addressed the issue, at least one district court in this circuit has recognized that an aggrieved person who has not instituted state discrimination proceedings in a timely fashion must file discrimination charges with the EEOC within 180 days of the alleged discriminatory act. *Bottoms v. St. Vincents Hospital,* 11 FEP

Cases 392 (S.D.Ind.1975). Indeed, virtually every court which has faced the issue has recognized that plaintiffs who fail to file timely charges with deferral state agencies cannot take advantage of Section 706(e)'s 300 day deferral state limitation period. *Dubois v. Packard Bell Corp.,* 470 F.2d 973 (10th Cir. 1972); *Bennett v. Conrail, 26 FEP Cases* 342, 344 (W.D.Mich.1981); *Mobley v. Acme Markets, Inc.,* 473 F.Supp. 851 (D.Md. 1979); *Wiltshire v. Standard Oil Co. of California,* 447 F.Supp. 756 (N.D.Cal.1978); *DeGideo v. Sperry-Univac Co.,* 415 F.Supp. 227 (E.D.Pa.1976); *Fergeson v. Kroger Co.,* 11 FEP Cases 1205 (S.D.Ohio 1975).

*Dubois v. Packard Bell Corp.,* 470 F.2d 973 (10th Cir. 1972), was the first of a long line of cases holding that Section 706(e)'s 300 day deferral state limitation period was not available to plaintiffs who failed to file timely state charges. At the time *Dubois* was decided, Section 706 required the filing of charges with the EEOC within 90 days in non-deferral states and 210 in deferral states[1]. Like Indiana, New Mexico, a deferral state, had a 90 day statute.

The plaintiff in *Dubois* filed a charge with the EEOC 144 days after the defendant's alleged discriminatory act. The EEOC referred the charge to New Mexico's Human Rights Commission which rejected it as untimely under state law. The EEOC then issued a right-to-sue letter and the plaintiff filed suit. The defendant moved for summary judgment on the ground that the suit was untimely. The plaintiff argued that her EEOC charge was timely because it had been filed with Section 706's extended deferral state limitation period. The district court granted the defendant's motion for summary judgment and the Court of Appeals affirmed. The court reviewed the legislative history of Section 706 and noted that it was the framers' intent to guarantee that states would be the primary forum in which discrimination claims would be heard and resolved. Consequently, the court concluded:

1. These periods were increased to 180 and 300 days, respectively, by a 1972 amendment to Title VII.

... To accept appellant Dubois' contentions would enable a claimant to completely bypass state proceedings in favor of federal proceedings by simply waiting until the state is prevented by statutes or regulations from considering the claim, and then utilizing the extended filing provisions, ... a result which flies in the face of the congressional intent. ...

470 F.2d at 973.

Thus, the court held, the plaintiff's untimely filing with the deferral state agency deprived the court of jurisdiction over her Title VII claims.

The *Dubois* rationale was specifically adopted by Judge Holder in *Bottoms v. St. Vincents Hospital*, 11 FEP Cases 392 (S.D. Ind.1975), a case which presented a factual situation strikingly similar to the instant case. In *Bottoms*, the plaintiff filed a charge with the EEOC 122 days after the defendant's alleged discriminatory act. Shortly thereafter the EEOC referred it to the Indiana Civil Rights Commission which "waived" the charge back to the EEOC because the 90 day period for filing state charges had expired. Granting the defendant's motion to dismiss for lack of subject matter jurisdiction the court held:

> Since no state charge was filed within the required ninety (90) day limit it is abundantly clear that the State Commission had no jurisdiction over the matter when it was referred to the State by the Equal Employment Opportunity Commission. Likewise, it is apparent that if no state or local commission had been in existence the Equal Employment Opportunity Commission would not have had jurisdiction since the statutory filing limit would have unquestionably been ninety (90) days after the alleged discrimination.

11 FEP Cases at 393.

In arriving at its decision the *Bottoms* court reviewed the legislative history of the Act and concluded that it was not the intent of the Act to provide individuals in deferral states such as Indiana with *more* filing time than they would have been permitted had they not been in such states. In particular, the court noted:

> In the present case, plaintiff did not attempt to comply with State regulations. Her right to pursue her claim before the Equal Employment Opportunity Commission was not lost as the result of an attempt to pursue State remedies. It was lost as the result of plaintiff's inaction in either forum.

.　　.　　.　　.　　.

> If plaintiff's contention was accepted a condition would exist where in States not having a State Commission a complainant would be required to file his or her charge with the Equal Employment Opportunity Commission within ninety (90) days of the alleged discrimination and in States having a State Commission a complainant would be allowed to file his or her charge with Equal Employment Opportunity Commission on the two hundred and ninth (209) day after the alleged discrimination without ever having filed a charge with the State Commission. This Court does not believe that Congress intended such an illogical and absurd result.

11 FEP Cases at 393–94.

Thus, these courts have recognized that the policy and legislative history of Section 706 as well as its plain language make it clear that the 180 day limitations period applies in cases in which plaintiffs have failed to file timely state charges. This conclusion is fortified by the Supreme Court's recent discussion of the purpose and legislative history of Section 706 in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), where the Court said: [2]

> ... Section 706(b) was rather clearly intended to increase the role of States and localities in resolving charges of em-

---

**2.** The Court's discussion of the legislative history of § 706 refers to limitation periods of 90 and 120 days, rather than 180 and 300 days, and § 706(d) rather than § 706(e), because the legislative history took place before the 1972 amendments to Title VII. See fn. 5, *supra*. As noted by the Court, with the exception of the changes in the length of these limitation periods, the amendments made no changes in the procedural scheme of § 706. 100 S.Ct. at 2495.

ployment discrimination. And § 706(d)'s longer time of 210 days for filing with the EEOC in deferral States was included to prevent forfeiture of a complainant's federal rights while participating in state proceedings.

But neither this latter provision nor anything else in the legislative history contains any "suggestion that complainants in some States were to be allowed to proceed with less diligence than those in other states." *Moore v. Sunbeam Corp.*, 450 F.2d 911, 825, n.35 (CA7 1972). The history identifies only one reason for treating workers in deferral States differently from workers in other States: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated. The statutory plan was not designed to give the worker in a deferral State the option of choosing between his state remedy and his federal remedy, nor indeed simply to allow him additional time in which to obtain state relief. Had that been the plan, a simple statute prescribing the 90 day period in nondeferral States and a 210 day period in deferral States would have served the legislative purpose. Instead, Congress chose to prohibit the filing of any federal charge until after state proceedings had been completed or until 60 days had passed, whichever came sooner.

100 S.Ct. at 2494 (footnotes omitted).[3]

Plaintiffs in the instant cases acknowledge in their EEOC charges that no discrimination charges had been filed with the Indiana Civil Rights Commission as of July 23, 1975, at least 198 days after the Sub Plan freeze and amendment were announced to and approved by the employees at the January 5 Union meeting. Sometime after the Plaintiffs had filed their EEOC charges, the EEOC referred the

Plaintiffs' charges to the state agency which subsequently waived them back to the EEOC on July 30, 1975 at least 205 days after the alleged discriminatory act.

At the time Plaintiffs filed their charges, the Indiana Civil Rights Law contained a 90 day limitation period for the filing of charges with the Indiana Civil Rights Commission. *Ind.Code Ann.* § 22–9–1–3(*o*) (Burns). Since the Plaintiffs charges were not filed with the state agency until after they were filed with the EEOC and since the Plaintiff did not file their EEOC charges until at least 198 days after the alleged discriminatory act, Plaintiffs met neither the 90 day state statutory time limit, nor the 180 day limit imposed by Section 706(e) of Title VII.

Because of the failure of Plaintiffs to file timely state and federal discrimination charges, this Court is without jurisdiction over their consolidated complaints. Accordingly, defendant Clark Equipment Company's Motion to Dismiss is GRANTED.

---

3. See also, 100 S.Ct. at 2490, where the Court quotes with approval from the dissenting opinion of Judge Meskill in the Court of Appeals, as follows:

Judge Meskill ... noted that Congress had imposed a general requirement of filing within 180 days, and that the exceptional period of 300 days for deferral States was merely

intended to give the charging party a fair opportunity to invoke his state remedy without jeopardizing his federal rights; the exception was not intended to allow residents of deferral States to proceed with less diligence than was generally required. *Mohasco v. Silver*, 602 F.2d 1083, 1092 (2d Cir. 1979).