Emmett **DICKERSON, Jr., Plaintiff,**

v.

**CITY BANK & TRUST COMPANY; Phil Miller; and Cindy Seeger, Defendants.**

**No. 82–4112.**

United States District Court, D. Kansas.

Oct. 4, 1983.

Fred W. Phelps, Jr., Phelps, Chtd., Topeka, Kan., for plaintiff.

Charles P. Efflandt, Foulston, Siefkin, Powers & Eberhart, Wichita, Kan., for defendants.

## ORDER

ROGERS, District Judge.

This is an employment discrimination action. This case is now before the court upon plaintiff's motion to amend and defendants' motion for judgment against plaintiff's § 1985 claim. We shall consider plaintiff's motion to amend first.

The object of the motion to amend is to add a Title VII claim to the complaint.

Defendants object to such an amendment on the grounds that plaintiff filed his EEOC charge more than 180 days after the alleged discriminatory practices. This is beyond the statutory deadline for filing administrative charges according to defendants.

Under 42 U.S.C. § 2000e–5(e), administrative complaints must be filed with the EEOC within 180 days of the alleged discriminatory practice unless the complainant has initiated state administrative proceedings. If state administrative proceedings have been initiated, plaintiff may file an administrative charge with the EEOC as late as 300 days after the alleged discriminatory practice.

In the instant case, plaintiff alleges that he was constructively discharged on September 25, 1981. He filed a charge with the EEOC on May 10, 1982—between 180 and 300 days after his alleged constructive discharge. The record does not establish whether the EEOC referred plaintiff's charge to the Kansas Commission on Civil Rights. But, if the charge was referred to the KCCR, the KCCR did not have jurisdiction to handle the charge because Kansas law requires charges to be filed within 180 days of the alleged discriminatory practice. K.S.A. 44–1005. These facts raise the question of whether administrative complainants who file administrative charges beyond the limitations period of state antidiscrimination agencies, may benefit from the 300 day period to file a charge before the EEOC, or whether they must file charges with the EEOC within 180 days of the alleged discriminatory practice.

In *Dubois v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir.1972), our circuit clearly held that a plaintiff may not take advantage of the extended filing period if he or she did not timely file a discrimination charge with the state agency. Since *Dubois* was decided, the Supreme Court addressed the question of whether a Title VII suit could be based on a charge that was deferred by the EEOC to a state agency *within the state's limitation period* but came back to the EEOC, after state agency consideration, more than 300 days after the alleged discriminatory practice. In *Mohasco Corporation v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court held that the charge was not "filed" with the EEOC until after it returned from deferral to the state agency, and, therefore, the charge was untimely.

Various courts have turned to *Mohasco* for guidance in deciding whether a timely filing with a state agency is a prerequisite to obtaining the extended federal filing period. A split of authority has developed. A timely filed charge with a state agency was required for an extended federal filing period in the following cases: *Lowell v. Glidden-Durkee*, 529 F.Supp. 17 (N.D.Ill. 1981); *Battle v. Clark Equipment*, 524 F.Supp. 683 (N.D.Ind.1981); *Gunn v. Dow Chemical Co.*, 522 F.Supp. 1172 (S.D.Ind. 1981); *Stewart v. MBPXL*, Case No. 81–1521 (D.Kan., unpublished, 5/24/82); *Gutierrez v. Boeing Co.*, Case No. 81–4232 (D.Kan., unpublished, 6/29/82). This holding is contradicted in the following cases: *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200 (6th Cir.1982); *Platts v. Cordis Dow Corp.*, 558 F.Supp. 114 (S.D.Fla.1983); *Jackson v. Ohio Bell Tel. Co.*, 555 F.Supp. 80 (S.D.Ohio 1982); *Russell v. Belmont College*, 554 F.Supp. 667 (M.D.Tenn.1982); *Morrison v. United Parcel Service*, 515 F.Supp. 1317 (W.D.Okl.1981). It should be noted that EEOC regulations provide that untimely state charges are timely filed if received by the EEOC within 300 days of the alleged violation. 29 C.F.R. § 1601.-13(a)(3). It should be further noted that under the system for initiating age discrimination suits, a timely state charge is not a prerequisite for obtaining an extended federal filing period. See *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Davis v. Calgon Corp.*, 627 F.2d 674 (3d Cir.1980) *cert. denied*, 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981).

■ This court shall hold that a timely filed state charge is a prerequisite for the application of the 300-day federal filing period. This holding is consistent with the

legislative sentiment, summarized in *Dubois*, that state and local administrative agencies be given an opportunity to employ their resources against discrimination complaints before a federal forum becomes available. *Dubois v. Packard Bell Corp., supra*, 470 F.2d at 975. By holding otherwise, complainants could evade state administrative efforts by delaying any filing until the state limitations period passed. Delay in processing complaints and evasion of state administrative expertise are contrary to the legislative intent of Title VII. This intent was acknowledged by the Supreme Court in *Mohasco:*

> The history identifies only one reason for treating workers in deferral States differently from workers in other States: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated. The statutory plan was not designed to give the worker in a deferral State the option of choosing between his state remedy and his federal remedy, nor indeed simply to allow him additional time in which to obtain state relief. Had that been the plan, a simple statute prescribing a 90-day period in nondeferral States and a 210-day period in deferral States would have served the legislative purpose. Instead, Congress chose to prohibit the filing of any federal charge until after state proceedings had been completed or until 60 days had passed, whichever came sooner.

447 U.S. at 821, 100 S.Ct. at 2495.

Two footnotes in *Mohasco* are often cited in support of the holding that a timely state charge is not required. In footnote 16, the Court states:

> "Under the *Moore [v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir.1972)]* decision, which we adopt today, a complainant in a deferral State having a fair employment practices agency over one year old need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved."

447 U.S. at 814, 100 S.Ct. at 2491. In footnote 19, the Court remarks:

> [The language of Title VII] has been construed to require that the filing with the state agency be made within 180 days. *Olson v. Rembrandt Printing Co.*, [511 F.2d 1228 (8th Cir.1975)] ... Congress included no express requirement that state proceedings be initiated by any specific date in the portion of the subsection that relates to time limitations in deferral states....
>
> In any event, we do not believe that a court should read in a time limitation provision that Congress has not seen fit to include ... In contrast to the construction of the statute we adopt today, the *Olson* approach urged upon us by petitioner ... is not compelled by the plain meeting of the statutory language.

447 U.S. at 816, 100 S.Ct. at 2492.

In our view it is critical to remember that the Court in *Mohasco* was not dealing with a factual situation where a state charge was untimely filed. The state filing period in *Mohasco* was 365 days. Thus, by stating that a complainant would have to file a charge within 240 days, the Court was not implying under the facts before it that an untimely state charge filed within 240 days of the violation would satisfy the statute. Nor may it be implied that the Court sanctioned untimely state charges by its adoption of the *Moore v. Sunbeam Corp.* decision. *Moore* does not address the problems raised by untimely state charges.

The Court's comments in footnote 19 may also be dismissed as impertinent. By refusing to adopt the approach of the 8th Circuit in *Olson*, the Court did not rule that states' limitation periods could be ignored. Rather it held that *courts* could not establish limitation periods for initiating EEOC proceedings. In *Olson*, the circuit court determined that the failure to meet a 90-day state limitations period did not foreclose an extended period for filing a federal claim, *but* that all state claims must be filed within 180 days to gain the advantage of the extended federal filing period. The Supreme Court determined that the 180-

day rule set out in *Olson* was not supported by the language of Title VII or Congressional intent. The Court, however, did not concern itself with the situation in the case at bar, where a state-imposed 180-day requirement has not been satisfied. To summarize, although *Mohasco* cannot be said to address the situation in this case, we believe the Court's comments do more to support the opinion of the Tenth Circuit in *Dubois* than to reverse it.

We acknowledge that our holding is contrary to EEOC regulations. Of course, these regulations are entitled to some persuasive force. It must be noted though, that the Court's ruling in *Mohasco* was contrary to EEOC regulations at the time of the decision. Obviously, EEOC regulations are not binding if a court finds, as we do, that the regulations conflict with the language and intent of the statute for which the regulations were promulgated.

We also acknowledge a troubling conflict between the rule we are applying to this proposed Title VII claim and the rule applied to age discrimination claims. Since the statutes authorizing these claims are often compared, different procedural rules should be avoided. In this instance, however, we believe the different statutes support different statutory construction.

Title 42 U.S.C. § 2000e–5(e) provides that the 300-day period for filing a federal charge applies "in a case ... [where] the person aggrieved has initially instituted proceedings with a State or local agency *with authority to grant or seek relief* from such practice ..." If a state limitations period has expired, the state agency does not have authority to grant or seek relief. Thus, it is logical to construe the statute as allowing an extended federal filing period *only* when a timely state charge is filed.

In contrast, the age discrimination statute allows 300 days to file a federal claim in cases arising "in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice ..." 29 U.S.C. § 633(b) & 626(d). In the age discrimination statute, it does not appear to make a difference if the state agency is powerless to grant or seek relief because of the expiration of the limitations period. It is only important that the State have a law against age discrimination and an agency to enforce that law. Of course, the passage of a limitations period has no effect upon the existence of such a law.

Another procedural difference exists between Title VII and the Age Discrimination in Employment Act which is consistent with different rules concerning the effect of state limitations periods. Under Title VII, the EEOC is required to defer from acting upon a discrimination charge until the state agency has terminated its action or sixty days has passed since the initiation of the state proceedings. In contrast, state and federal administrative proceedings may proceed simultaneously on age discrimination charges. The greater deference toward state administrative proceedings under Title VII is consistent with our holding that complainants should not be given the option of avoiding state proceedings by ignoring the expiration of state limitations periods.

Justice Blackmun has remarked that the question raised in the case at bar is the type "that occasionally appears in the procedural area where it is more important that it be decided (in order to dispel existing conflict ...) than that it be decided correctly." *Oscar Mayer & Co. v. Evans, supra,* 441 U.S. at 766, 99 S.Ct. at 2077 (concurring opinion); *Mohasco Corp. v. Silver, supra,* 447 U.S. at 826, 100 S.Ct. at 2497 (dissenting opinion). To this court's knowledge, the courts in this district have consistently held that timely state charges are a prerequisite for extended federal filing periods. This holding is consistent with the Tenth Circuit's decision in *Dubois v. Packard Bell Corp., supra,* which in our opinion has not been disturbed by the Supreme Court's *Mohasco* holding. To avoid conflict with prior decisions in this district and for the reasons previously discussed, this court holds that plaintiff's EEOC

charge was untimely filed because a timely state administrative proceeding was not initiated. In the absence of any equitable tolling argument, plaintiff's Title VII claim is time-barred. Thus, it would be futile to permit the complaint to be amended to add plaintiff's Title VII claim. Futility is sufficient grounds to deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Therefore, plaintiff's motion to amend shall be denied.

We now turn our attention to defendants' motion for judgment against plaintiff's § 1985 claim. Defendants argue that the claim should be dismissed because plaintiff fails to allege any fundamental constitutional rights were violated. Defendants cite *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) in support of their argument. There, the Court held that § 1985 did not offer protection against violations of Title VII. An important fact to this holding is Title VII's special system of administrative and judicial enforcement. This system could be circumvented if plaintiffs were allowed to enforce their Title VII rights through § 1985. The different remedies available under Title VII and § 1985 also may have played a role in the *Novotny* decision.

 In this case, although it may be argued that plaintiff is circumventing Title VII's timely filing requirement by bringing a claim under § 1985, it may also be said that plaintiff is suing against the conspiratorial deprivation of his rights under § 1981. See *Hudson v. Teamsters Local Union No. 957*, 536 F.Supp. 1138, 1147 (S.D.Ohio 1982). Of course, § 1981 does not have a special system of administrative and judicial enforcement. Nor do the remedies available under § 1981 differ substantially from those available under § 1985. In *Fisher v. Shamburg*, 624 F.2d 156 (10th Cir.1980), the Tenth Circuit held that the

plaintiff could sue under § 1985 to enforce his rights under Title II of the Civil Rights Act of 1964. The Circuit distinguished *Novotny* on the grounds that Title II does not have a mandatory administrative scheme. The case at bar may be distinguished from *Novotny* on similar grounds.[1] Therefore, defendants' motion for judgment against plaintiff's § 1985 claim shall be denied.

In sum, plaintiff's motion to amend is denied and defendants' motion for judgment is denied.

IT IS SO ORDERED.

---

1. Defendants have cited the decision in *Mecum v. Graves Truck Line, Inc.*, Case No. 82–1113 (D.Kan., unpublished, 6/23/82) in support of their motion. We do not quarrel with the holding in *Mecum* where *Novotny* was applied to dismiss a § 1985 claim. *Mecum*, however, involved an age discrimination claim where a statute comparable with Title VII was applicable.