**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**PATTIN–MARION, A DIVISION OF EASTERN COMPANY, Defendant.**

Civ. No. 83–4050.

United States District Court,
S.D. Illinois,
Benton Division.

June 8, 1984.

Peggy A. Davis, E.E.O.C., Chicago, Ill., for plaintiff.

James A. Burstein, Chadwell & Kayser, Ltd., Chicago, Ill., John Speroni, Garrison, Brewster, Permar, Speroni & Permar, Marion, Ill., David R. Kelleher, David M. Selcer, Baker & Hostetler, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are motions for summary judgment filed by plaintiff and defendant. Both motions relate to the issue of whether the Court has jurisdiction in this matter, and both parties agree that there are no issues of material fact regarding this question. Defendant attacks the jurisdiction of this Court and argues that the charge of sex discrimination brought under Title VII of the Civil Rights Act of 1964, was not timely filed pursuant to 42 U.S.C. § 2000e–5(e). Plaintiff's original charge filed with the Equal Employment Opportunity Commission (hereafter E.E. O.C.) on April 2, 1981, alleged she had been denied employment with defendant on June 2, 1980, on the basis of sex. On April 15, the charge was amended to allege that the denial of employment occurred on August 4, 1980. The E.E.O.C. referred the charges to the Illinois Department of Human Rights (hereafter IDHR) on April 6, 1981, and these proceedings were terminated the same day. Defendant argues that under § 2000e–5(e), the reference to IDHR must have occurred within 180 days of the alleged discriminatory act, pursuant to state time limitations, in order for plaintiff to benefit from the extended 300 day time limit for filing a charge with the E.E.O.C.

*See Ill.Rev.Stat.*, ch. 68, § 1–101 *et seq.* Since plaintiff did not meet such time limitations, defendant argues that the charge was untimely and that this Court lacks jurisdiction to hear the case. Plaintiff disputes defendant's interpretation of § 2000e–5(e) and argues alternatively that even if defendant's interpretation of the statute is accepted by this Court, the acts of discrimination were of a continuing nature so that the charge was timely filed. Because the Court agrees with plaintiff's interpretation of § 2000e–5(e), it will not address plaintiff's alternative argument.

Neither the plain language of § 2000e–5(e) nor the principles of statutory interpretation persuade the Court to accept defendant's view of the statute's time limitations. § 2000e–5(e) provides as follows:

(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.*

*Id.* (emphasis supplied.) The plain language of the Act states that if the plaintiff lives in a state which has administrative procedures to provide relief for the ag-

grieved party, the charge must be "filed" as defined by the Supreme Court in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), within 300 days after the alleged unlawful employment practice occurred or within 30 days after notice of termination of the state proceedings, whichever is earlier. It does not state any requirement regarding federal deference to state procedural requirements as a prerequisite to a valid filing with the E.E.O.C. Indeed, the one section of the Act which refers to state procedural requirements beyond the filing of a charge states as follows:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. *If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceedings is based, the proceedings shall be deemed to have been commenced for the purpose of this subsection at the time such statement is sent by registered mail to the appropriate state or local authority.*

42 U.S.C. § 2000e–5(c) (emphasis supplied). Once again, this section indicates that so long as sixty days have passed after proceedings have commenced under state or local law, unless the proceedings have earlier terminated, one may file a charge with the E.E.O.C. within the 300 day extended time limit. *See Mohasco, supra* at 821, 100

S.Ct. at 2494. Requirements other than a written and signed statement of the facts upon which the proceeding is based do not affect "commencement" under state law, the prerequisite for filing with the E.E.O.C. State time limitations on filing are necessarily included in the statutory description of requirements "other than ... the filing of a written and signed statement." The plain impact of both subsections (c) and (e) of Section 2000e–5 is that the federal charge—filing period of 300 days is available whether or not state proceedings are instituted in a timely fashion, so long as the charge is filed with the E.E.O.C. 60 days after the state proceedings have commenced or 30 days after the complaining party receives notice that the state proceeding has terminated and within 300 days after the alleged illegal practice. The Court reaches this conclusion without the benefit of any Seventh Circuit authority directly on point, other than that of other district courts within the circuit whose decisions are not binding on this Court.

However, the Court believes that the reasoning of the Supreme Court on similar issues supports the Court's conclusion. In *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Court interpreted virtually identical provisions of the Age Discrimination in Employment Act (hereinafter ADEA), 29 U.S.C. Sections 633(b) and 626(d). Although in *Oscar Mayer* the state limitation period at issue was shorter than the federal non-extended filing period, giving claimants in deferral states less time to file grievances than claimants in non-deferral states, the court's reasoning cannot be limited to such a situation. Certainly, a limitations period shorter than the federal non-extended filing period was a factor in the court's decision; however, it is clear that it was not the sole factor. This can be seen from the Court's statement that "Congress could not have intended to consign federal lawsuits to the 'vagaries of diverse state limitations statutes,' particularly since, in many states, including Iowa, the limitations periods are considerably shorter than the 180 day peri-

od allowed grievants in non-deferral States...." 441 U.S. 763, 99 S.Ct. 2075. The Court plainly stated that it declined to attribute to Congress an intent to incorporate by reference into the ADEA the various state statutes of limitations. 441 U.S. 750 at 762–763, 99 S.Ct. at 2074–2075. The Court concluded that the time limitations of 29 U.S.C. §§ 626(d) and (e) were sufficient to guard against stale claims. *Id.* The Court also referred to the definition of commencement found in § 2000e–5(c), identical to that used in the ADEA and stated that such a provision was designed to avoid a "burdensome case by case inquiry into the reasonableness of various state procedural requirements." Id. at 763, 99 S.Ct. at 2075. The Court specifically held:

> State limitation periods are, of course, requirements 'other than a requirement of the filing of a written and signed statement of the facts upon which the proceedings is based.' Therefore even if a state were to make timeliness a precondition for commencement, rather than follow the more typical pattern of making untimeliness an affirmative defense, a state proceeding will be commenced for purposes of § 14(b) as soon as the complaint is filed.

441 U.S. at 750, 99 S.Ct. at 2066.

The Court believes *Oscar Mayer's* interpretation of the ADEA applies with equal force to Title VII. The Court in *Mohasco, supra,* interpreted the Title VII deadlines consistent with this Court's opinion. Although *Mohasco* did not involve an untimely state complaint, since the case arose in New York which has a state filing deadline in excess of 180 days, the complaint was filed beyond the 180 day deadline for non-deferral states. In rejecting case law holding that the 180 day period applicable in non-deferral states also applied to claims filed with state agencies in deferral states, the Supreme Court also rejected the argument advanced by defendant and certain district courts that a contrary interpretation would allow individuals in deferral states have "more filing time than they would have been permitted had they not been in such states." (For examples of this rejected rationale, *See Battle v. Clark Equipment,* 524 F.Supp. 683, 687 (N.D.Ind. 1981); *Lowell v. Glidden Durkee,* 529 F.Supp. 17, 22 (N.D.Ill.1981)). The Supreme Court's intention in this regard is explicit. 447 U.S. 807 at 814, n. 16, 816, n. 19, 100 S.Ct. at 2491, n. 16, 2492, n. 19.

Moreover, the cases relied upon by defendant base their holdings on the pre-*Oscar Mayer* and *Mohasco* case of *DuBois v. Packard Bell Corp.,* 470 F.2d 973 (10th Cir.1972). However, even district courts within the Tenth Circuit have found that *DuBois* is no longer good law in light of *Oscar Mayer. See Cruz v. Board of Ed. for City of Trinidad School District,* 537 F.Supp. 292, 296–297 (D.Colo.1982); *Morrison v. United Parcel Service,* 515 F.Supp. 1317, 1319–20 (W.D.Okl.1981). Another authority in this area also agrees that an untimely state complaint will not prevent the claimant from taking advantage of the extended 300 days federal filing deadline. In criticizing *Gunn v. Dow Chemical Co.,* 522 F.Supp. 1172 (S.D.Ind.1981), an Indiana District Court case to the contrary, the author noted:

> The *Gunn* holding is, to say the least, questionable. First, it is stretching things to define the authority of the state commission, as referred to in *Mohasco,* to depend on the timing of a particular claim. Second, the decision seems to run afoul of the Supreme Court's rationale in *Oscar Mayer* that "state limitations periods cannot govern the efficiency of the federal remedy."

Larson, *Employment Discrimination,* Vol. 2, § 48.50 at 9A–48 (1983). The weight of appellate court and other authority dealing with the timeliness issue also support this Court's conclusion. *See Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 622 (6th Cir.1983); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 751 (3d Cir.1983); *Jones v. Airco Carbide Chemical Company,* 691 F.2d 1200, 1204 (6th Cir.1982); *Owens v. Ramsey Corporation,* 656 F.2d 340 (8th Cir.1981); *Doski v. M. Goldseker Company,* 539 F.2d 1326 (4th Cir.1976); *Soble v. University of Maryland,* 572 F.Supp. 1509, 1514 (D.Md.

1983); *Platts v. Cordis Dow Corp.*, 558 F.Supp. 114, 115 (S.D.Fla.1983); *Jackson v. Ohio Bell Telephone Company*, 555 F.Supp. 80, 83 (S.D.Ohio 1982); *Russell v. Belmont College*, 554 F.Supp. 667, 680 (M.D.Tenn.1982); *Cruz, supra; Morrison, supra; See also Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981); *Wiltshire v. Standard Oil Co. of California*, 652 F.2d 837 (9th Cir.1981); *Ciccone v. Textron*, 651 F.2d 1 (1st Cir.1981); *Goodman v. Heublein, Inc.*, 645 F.2d 127 (2d Cir.1981); *Davis v. Calgon Corp.*, 627 F.2d 674 (3rd Cir.1980).

This Court's decision today comports with the general rule that if ambiguities in remedial statutes exist they are to be construed in favor of those whom the legislation was intended to protect. *Bell v. Brown*, 557 F.2d 849, 853 (D.C.1977). The decision is also in harmony with the E.E.O.C.'s interpretation of the filing requirements (29 C.F.R. § 1601.13(a)(3)) which is entitled to great deference. *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–434, 91 S.Ct. 849, 854–855, 28 L.Ed.2d 158 (1971).

Accordingly, the Court finds as follows: Defendant's Motion for Summary Judgment (Document 64) is hereby DENIED; plaintiff's Motion for Summary Judgment (Document 65) is hereby GRANTED in that the Court finds it has jurisdiction in this matter.

IT IS SO ORDERED.