**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Clifford J. BURGER and Evelyne M. Burger, Defendants.**

**Civ. A. No. 85–2044–S.**

United States District Court, D. Kansas.

March 25, 1986.

Brian E. Gardner, Michael C. Manning and Mark W. McGrory, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Christopher A. Byrne, Office of General Counsel, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

John H. Neiman, Pamela J. Summers, Neiman, Neiman, Stone & Spellman, P.C., Des Moines, Iowa, for defendants. Dennis M. Clyde, Gates & Clyde, Chtd., Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for leave to amend answer and plaintiff's motion for summary judgment.

This is an action brought by the plaintiff in its corporate capacity to recover on a promissory note executed to the Rexford State Bank. Defendants seek to amend their answer to assert the affirmative defenses of fraud, failure of consideration and estoppel.

Rule 15(a), Federal Rules of Civil Procedure, governs the amendment of pleadings. That provision provides in part that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." The United States Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), indicated that the provision leave "shall be freely given" is a "mandate ... to be heeded." The granting of a motion to amend is within the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). "[I]n the absence of a specific factor such as flagrant abuse, bad faith, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Leding v. Spider Staging, Inc.*, No. 78-4122 (D.Kan., *unpublished*, 3/20/80) p. 2.

A factor to consider in ruling on a motion to amend is whether the proposed amendment would be futile. See *Foman*, 371 U.S. 178, 83 S.Ct. 227. Futility is sufficient grounds to deny a motion to amend. *Dickerson v. City Bank & Trust Company*, 575 F.Supp. 872 (D.Kan., 1983). The court must deny defendants' proposed amendment based on the reasoning which follows.

Plaintiff has filed a motion for summary judgment. To rule favorably on a motion for summary judgment, the court must first determine that the matters considered in connection with the motion disclose "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The principal inquiry is therefore whether a genuine issue of material fact exists. *Dalke v. The Upjohn Co.*, 555 F.2d 245 (9th Cir.1977); *Hanke v. Global Van Lines, Inc.*, 533 F.2d 396 (8th Cir.1976). A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v.*

*Youngstown Sheet & Tube Co.,* 516 F.2d 33 (10th Cir.1975). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.,* 488 F.2d 111 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden,* 595 F.2d 533, 536 (10th Cir.), *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States,* 622 F.2d 516, 520 (10th Cir. 1980).

The uncontroverted facts for the purposes of this motion are as follows. Plaintiff Federal Deposit Insurance Corporation [hereinafter FDIC] is a corporation organized and existing under the laws of the United States of America, 12 U.S.C. § 1811 *et seq.,* and is in the business of regulating and supervising the nation's banks and insuring the public's deposits. On October 10, 1984, the District Court of Thomas County Kansas, Case No. 84–C–115, appointed FDIC as receiver of the Rexford State Bank and authorized FDIC, acting in its capacity as receiver of the Bank, to sell all assets of the Bank not acquired by a successor-bank to the FDIC in its corporate capacity, including the note underlying this action, and the FDIC in its corporate capacity is now the lawful owner of said note.

Defendants Clifford J. Burger and Evelyne M. Burger are individuals and reside in Unionville, Iowa, and were residents of the State of Iowa at all times relevant to plaintiff's complaint. Defendants, on or about July 18, 1984, duly executed and delivered to the Bank, for value received, their negotiable promissory note whereby they promised to pay to the Bank or to the Bank's order the sum of fifty thousand dollars ($50,000) plus interest thereon at the rate of fifteen percent (15%) per annum until maturity, and thereafter at the maximum rate allowed by law until paid in full, which note was due and payable January 18, 1984. Defendants understood that the proceeds from the note were to be used in a joint venture they had entered into with Mr. Nasib Ed Kalliel and First Financial Guaranty Corporation and that the proceeds would be deposited into an account at the Rexford State Bank. The proceeds from the note to the Bank executed by defendants, totaling $50,000, were deposited in an account at the Bank for "First Financial Guaranty Corporation" on July 18, 1984. Defendants, along with Burger Farms, Inc. executed a second promissory note to Rexford State Bank identical in all terms to the note referred to above, but for the addition of Burger Farms, Inc., as an additional co-debtor. Forty thousand, five hundred thirty dollars and fifty-five cents ($40,530.55) of the proceeds from the note to Rexford State Bank executed by defendants was wire transferred on August 3, 1984, to an account for Clifford and Evelyne Burger at the Kirksville Savings & Loan, Kirksville, Missouri. Payment on defendants' note is now in default and there is a balance due there of $50,000 plus interest at the rate of 15% per annum from July 18, 1984, until paid in full.

Defendants seek to assert affirmative defenses to avoid liability on the note. In their proposed amended answer, defendants assert that they signed the note under the representations of Kalliel that it was the first step in long-term financing. Defendants were told by Kalliel that he and First Financial Guaranty were loaning defendants the funds interest-free. Defendants assert that they received only a portion of the proceeds from the note. Defendants also assert that they were induced by Kalliel to sign a short-term promissory note which they believed would be taken care of by future long-term refinancing. Defendants also assert that the plaintiff should be estopped from suing and collecting on the note.

Even taking the facts as alleged in defendants' proposed answer as true, the court must still find for plaintiff. The

United States Supreme Court in *D'Oench, Duhme & Company, Inc. v. F.D.I.C.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) held that the maker of a note is estopped from pleading as a defense his own scheme to deceive bank regulators. *D'Oench, Duhme* estoppel requires that the F.D.I.C. be the party against whom the claim or defense is asserted and that the party asserting the claim must have lent himself to a secret agreement that deceived or would tend to deceive the F.D.I.C. *F.D.I.C. v. Galloway*, 613 F.Supp 1392 (D.Kan., 1985). Proof of actual intent to deceive by the maker of the note is not required. *Id.* It is presumed that one who gives a note to a bank with a secret agreement knows that "it will conceal the truth from the vigilant eyes of the bank examiners." *D'Oench*, 315 U.S. at 460, 62 S.Ct. at 680. Application of the doctrine espoused in *D'Oench* is a bar to defendants' claims.

An alternate ground for denying relief to defendant is found at 12 U.S.C. § 1823(e) which provides:

No agreement which tends to diminish or defeat the right, title or interest of the [Federal Deposit Insurance] Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have [been] executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the assets by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

This section expresses an extension of the public policy behind the reasoning of *D'Oench* to protect the Federal Deposit Insurance Corporation from secret agreements. *F.D.I.C. v. First Mortgage Investors*, 485 F.Supp. 445, (E.D.Wis., 1980). Any defense defendant has arising from an oral agreement is thus barred.

Finally, a third ground in finding for plaintiff is its status as a holder in due course under the federal common law.

When the F.D.I.C. in its corporate capacity, as part of a purchase and assumption transaction, acquires a note in good faith, for value, and without actual knowledge of any defenses against the note, it takes the note free of all defenses that would not prevail against a holder in due course.

*F.D.I.C. v. Vestring*, 620 F.Supp. 1271, 1273, (D.Kan., 1985), *quoting F.D.I.C. v. Wood*, 758 F.2d 156, 161, (6th Cir., 1985). Plaintiff had no knowledge of any secret agreement or of any potential failure of consideration. Its status as a holder in due course bars the defenses raised by a defendant.

IT IS BY THE COURT THEREFORE ORDERED that defendants' Motion for Leave to Amend Answer is hereby denied. IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is hereby granted. Plaintiff is hereby directed to prepare a Journal Entry of Judgment and submit same to the court for approval and filing.